## COGSWELL, EXECUTOR OF WILLIAM COGSWELL, v. WHITTLESEY AND SOCIETY OF NEW PRESTON.

In an action upon an *insimul computassent* the defendants cannot avail themselves of mistakes in the settlement.

DECLARING, that the defendants were indebted to the deceased £37 8s. 10d. lawful money, upon settlement of accounts made between the said deceased, in his lifetime, and the committee of the defendants on the 20th of August A. D. 1786; which the said committee by a writing under their hands of that date acknowledged to be due; with the interest from February A. D. 1786; which debt has never been paid.

Defendants plead in bar — That said William was treasurer, and one of the society's committee, and that in said settlement sundry mistakes were made in favor of said William, more than to the amount of said balance.

Plaintiff replied — That there were sundry settlements made by said William with said committee, in all of which the balance was found to be in his favor; that upon his decease his estate was represented insolvent, and a time limited for the creditors to bring in their claims to commissioners. That the defendants made no claim in that time against said William's estate, and that said writing was given by said committee, for the just balance due to said William.

Defendants rejoined — That the mistakes alleged in the plea in bar were made in the settlement. Demurrer to the rejoinder. Kirby, 150, Punderson v. Shaw.

Judgment — That the rejoinder is insufficient; the defendants are concluded by the settlement, and by their not exhibiting their claim within the time limited by the Court of Probate.