ALBANY, Dec. 1835.

Leaycraft v. Dempsey.

Whereupon the judgment of the supreme court was AF- FIRMED.

---

LEAYCRAFT, *appellant,* and DEMPSEY, *respondent.*

Where it is sought by bill in chancery to *open an account* which has been set- tled, the complainant must distinctly charge the error, imposition, or fraud relied on, specifying the particulars ; if he does not do so, but files a bill generally for an account, and the defendant *pleads* a settlement as to a por- tion of the accounts, and the *plea* is ordered to stand for an *answer*, the com- plainant cannot, by an *amended bill*, charging *specific errors*, compel an an- swer to so much of the bill as is covered by the *plea*, if, in the second an- swer, all errors in the accounts covered by the plea are *denied.*

APPEAL from chancery. The appellant, as the executrix of Catharine Dempsey, filled a bill for an account of rents and prof- its of certain estates from 1st May, 1813, to 16th May, 1831, which the respondent had collected. The respondent answered, acknowledging the agency, but denied that there was more than one quarter's rent due to Catharine Dempsey at the time of her decease, and that as to such quarter's rent she had a valid set off ; and as to all that part of the bill which sought an ac- count of the rents previous to 1st February, 1831, the respon- dent put in a *plea,* that on the 9th February, 1831, she ac- counted with Catharine Dempsey for all rents accrued up to that day, paid the balance then found due, and took her *receipt* in full of all demands, including the rents up to 1st February, 1831. The cause was heard on the pleadings, and the chan- cellor held the *plea,* although informal, a sufficient defence, if established by proof, to so much of the bill as sought an ac- count of the rents and profits up to 1st February, 1831, and directed it to stand for an answer, and that the complainant should not, by exceptions, call for an account of those rents, or for any further answer as to that part of the bill, but that ex- ceptions might be taken to the answer to other parts of the

bill, if insufficient. The complainant then amended her bill, and among other things alleged that the accounts rendered by the defendant to the decedent were stated upon erroneous principles, specifying the errors. In October, 1833, the defendant moved to strike the amendments from the files. The motion was denied, but the chancellor reiterated the decision before made, that the defendant was not bound to answer to the part of the bill seeking an account previous to 1st February, 1831, unless, in answering the amendments, the errors in the previous accounts were admitted. The defendant then put in an answer, denying all errors. The complainant excepted to the answer for insufficiency, and a master, on reference to him, reported the exceptions well taken; but in May, 1834, the exceptions were all overruled by the chancellor, on the ground that the defendant having *denied* all errors in the account, she was not bound, according to the decision in the *previous October*, to answer any amendments which seek to *open the account*, or to have a discovery respecting the same, or to do any thing further than to deny the existence of any errors. From this order the complainant appealed to this court.

The cause here was argued by

*D. B. Tallmadge*, for the appellant.

*C. Edwards*, for the respondent.

The following opinion was delivered:

By Chief Justice SAVAGE. The only question in this case is, whether the second answer of the defendant is sufficient? The general rule is stated by Chancellor Kent, 1 *Johns. Ch. Rep.* 107, that to so much of the bill as is material for the defendant to answer, he must speak directly, and without evasion; he must confess or traverse the substance of each charge; and particular charges must be precisely answered, and not in a general manner. Thus, on a bill requiring a general account, and calling upon the defendant to answer whether he had received a particular sum, it was held that setting forth a

schedule purporting to contain an account of all sums receiv- ed was not sufficient, but the defendant was bound to answer specifically to each specific charge. *Cooper's Pl.* 312, 13. *Mitf.* 248. In this case the plea was informal, but was ad- judged sufficient in substance, and therefore ordered to stand for an answer. In such case, if a plea is ordered to stand for an answer, it is allowed to be a sufficient answer to so much of the bill as it covers, unless, by the order, liberty is given to ex- cept. *Mitf.* 245, *citing Mosely,* 74. 3 *Atk.* 815. 3 *P. Wms.* 230. In this case the plea was adjudged a sufficient answer, and the complainant was prohibited from calling for an ac- count by exceptions, or for any further answer as to that part of the bill. If dissatisfied with that decision, the complainant might have appealed ; but it was submitted to on both sides. It seems, also, that when a bill is filed to *open* the settlement of an account, the court does not grant the request upon the mere asking for it ; but the error or fraud relied on must be particularly pointed out. One rule, says Lord Redesdale, ma- terial to observe, in all cases of account is, that when there has been a settlement, and the account has been signed, or a se- curity taken, on the footing of the account, a court of equity does not open the transaction, unless the evidence shews (and that founded upon charges in the bill) the whole transaction so iniquitous that the party ought not to be bound by it. If the account has been settled, or an instrument executed upon the foot of it, the error should be specified in the bill. 1 *Sch. & Lef.* 192. The plaintiff must shew clearly that he has been imposed upon, before the court will permit him to unravel an account to which he has before submitted. 1 *Cox,* 436. 3 *Bro. C. C.* 267. 2 *id.* 311.

When the original plea was ordered to stand for an answer, the chancellor declared that the defendant was not to be called on for the accounts ; and upon the motion to strike the amend- ments from the files, he ordered the amendments to stand, but declared that the defendant was not to be required to give any further answer to that part of the bill, unless she admitted er- rors in the accounts previous to that time, as charged in the amendments. This was an adjudication that the answer al- ready put in was a sufficient answer ; and this was submitted

to by both parties. This was in accordance with the practice. Mitford says: "If a plea is ordered to stand for an answer, it is allowed to be a sufficient answer to so much of the bill as it covers; unless, by the order, liberty is given to except; but that liberty may be qualified so as to protect the defendant from any particular discovery which he ought not to be compelled to make." *Mitf.* 245, 6. 3 *Atk.* 815. 3 *P. Wms.* 239. It is settled practice, therefore, that when a plea is ordered to stand for an answer, there can be no exception to that part of the answer composed of the plea, without express leave. It would be an evasion of this rule to permit the plaintiff, by way of amendments to his bill, to do indirectly what he could not do directly. In this respect it may be said to have some analogy to a motion for a rehearing. In *Williamson* v. *Hyer*, 4 *Wendell*, 170, a motion was made for instructions to a master, and repeated and denied. After 15 days, a motion was made for a rehearing, which was denied. An appeal was then brought from the last order and the two preceding. The appeal was dismissed. One ground assumed was, that to allow it, would countenance an evasion of the statute requiring appeals from interlocutory orders in 15 days. The complainant, in this case, might have appealed in 15 days after the first order, and thus tested the chancellor's decision. The chancellor, in this case, not only did not give leave to except, but declared that no exception should be taken. This he had a right to do, by the practice of the court. Such, in fact, was the effect of ordering the plea to stand for an answer, without express leave to except. His subsequent decision, therefore, was correct. The complainant has been treated according to the ordinary practice of the court. She should have framed her bill properly in the first instance, to meet the case of a settled account. She did not do so; and by the course of pleading which was adopted, she lost the benefit of her exceptions. The decree should be affirmed.

Whereupon it was unanimously AFFIRMED.