# RUTLAND COUNTY,

SEPTEMBER ADJOURNED TERM, 1844.

[ Continued from Vol. 16, page 354. ]

---

### SILAS W. HODGES *v.* OZIAS B. HOSFORD.

If an auditor, in an action on book account, decide a question of fact, and it appears, from his report, that there was any testimony before him tending to prove the fact as found by him, his decision is conclusive; but if he reports all the evidence, on which he based his finding, and that evidence has no tendency to prove the fact, his finding may be corrected by the court.

Where several of the plaintiff's charges, in an action on book account, were for articles delivered to others on account of the defendant, and the only proof, as to any order from the defendant for such delivery, was, that the persons, to whom the goods were delivered, resided in the immediate neighborhood of the defendant, and was frequently employed to do errands for him, or that he resided in the neighborhood of the defendant and frequently labored for him, or that he resided in the family of the defendant, and there were other charges in the account for articles delivered to the same person, the correctness of which was not denied by the defendant, and the auditor, from this proof, in each case, found the fact that the defendant authorized the delivery of the articles, it was held, that, in each of these cases, the evidence had a *tendency* to prove the fact, and that therefore the finding of the auditor was conclusive.

A settlement of book accounts, by the parties, is as conclusive as a judgment. In such case, it is not competent, in an action on book account between the parties, to examine the accounts, prior to the settlement, upon the mere *supposition* that a mistake exists; but the error must be first pointed out, and may then be corrected.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported, in substance, as follows.

Among the items of the plaintiff's account was a charge of money " paid to Miss Sheldon, $0,58," which item the defendant disputed, but the auditor allowed the same, and reported that he presumed a

request from the defendant to make the payment from the fact that Miss Sheldon "resided in the family or neighborhood of the defendant." The defendant also objected to several of the plaintiff's charges for payments to Abby Dexter; but the auditor reported, that " it appeared that Abby Dexter resided with the defendant for several years, as a member of his family, and that there were other charges for payments made to her, which were not objected to," and that " the auditor presumed a request " from the defendant to deliver the articles. The defendant also objected to an item of $3,00 in the plaintiff's account, for articles which it appeared were, by order of one Rice, delivered by the plaintiff to one Tubbs and charged to the defendant, in reference to which the auditor reported, that " it appeared that Rice resided in the immediate neighborhood of the parties, and was frequently employed by them to do errands," and that " the auditor presumed he was directed by the defendant to give the order " for the articles. The defendant also objected to several charges, in the plaintiff's account, for articles delivered to one Fisher, in reference to which the auditor reported that " it appeared, that said Fisher resided in the neighborhood of the parties, and frequently labored for them and others," and " the auditor presumed a direction from the defendant" to pay said Fisher, as charged. The defendant also objected to an item of $7.00, for money paid to Mary Ann Nurss; but the auditor reported that it appeared, that " Miss Nurss lived with the defendant for some time, and there was a similar charge made previous to this, to which the defendant did not object," and " the auditor presumed that the defendant directed Miss Nurss to procure the charge to be made against him.

It appeared, that, on the 15th day of February, 1822, the parties met, for the purpose of adjusting their previous dealings, and agreed upon the balance then due ; but no settlement was made upon the books of either party, and the dealings between them were continued, as before. The defendant now claimed to have the accounts adjusted by the auditor, which accrued prior to that settlement ; but the auditor decided that he could not go back of that settlement.

The auditor reported that there was a balance due to the plaintiff of $977.68. The defendant filed exceptions to the report, which were overruled by the court, and the report was accepted ; to which decision the defendant excepted.

Hodges *v.* Hosford.

———————— for defendant.

Where an auditor presumes a fact, without any evidence to sustain the presumption, the court will correct the error; *Warden* v. *Johnson*, 11 Vt. 455; *Phelps et al.* v. *Wood*, 9 Vt. 400.

The facts found by the auditor, relative to the residence and occupation of the persons, to whom goods were delivered, furnished no evidence to warrant the conclusion that the defendant authorized them to take up goods on his account. The fact, that some articles were charged, as delivered to the same persons, and not disputed, furnishes no evidence, which should warrant the auditor in presuming that they were authorized to take up other goods.

The auditor should not have refused to examine the accounts prior to Feb. 15, 1822, notwithstanding he finds the accounts were adjusted to that date. If there was a mistake in that settlement, it was his duty to investigate it; *Darling* v. *Hall*, 5 Vt. 91; *Whiting* v. *Corwin*, Ib. 451.

*S. H. & E. F. Hodges* for plaintiff.

The plaintiff submits that the several questions, decided by the auditor, were merely questions of facts; that there was evidence, from which he might legitimately draw his conclusions; and that these are not subject to be revised by any other tribunal; *Kent* v. *Hancock*, 13 Vt. 519.

The opinion of the court was delivered by

HEBARD, J. Two classes of objections to the auditor's report have been urged.

The first is to the allowance, by the auditor, of various items, for articles delivered to third person. So far as the questions depend upon the existence of facts, and the auditor has found the facts, his finding must be conclusive. The question here is, had the plaintiff any authority from the defendant to deliver these articles to those persons upon the defendant's credit? If there was any testimony, which tended to prove such authority, and the auditor so finds, this court is not to inquire as to the quantity of evidence, that ought to satisfy him. But if the auditor reports the evidence, upon which he based his finding, and that evidence has no tendency to prove the fact, his finding then is erroneous, and may be corrected. In this case there is evidence, tending to prove the fact.

78

The auditor has found the fact that the plaintiff was authorized by the defendant to deliver those articles. We regard the phraseology of the report as meaning that the auditor found the fact as proved. I think the term *presumption* is not the most appropriate expression; but, understanding the meaning as before stated, it is of little importance what words are used to express the meaning. A presumption is usually more matter of *law* than of fact.

The other objection, which the defendant makes, is, that the auditor refused to go into an examination of the accounts previous to Feb. 15, 1822. The parties were competent to settle and adjust their accounts at any time; and whether they did so settle is purely a question of fact; and if a settlement has been made by the parties, it operates as effectually to quiet the accounts as a judgment, and the principle of law, that allows of the correction of mistakes, does in no sense stand in the way of this view of the case. Whether the account has been settled by the parties, or by a judgment, it is not competent to go into the examination of the account, upon the mere supposition that a mistake exists; the error is first to be discovered, and then it may be corrected.

The case of *Whitney* v. *Corwin* is to this point. It was urged by the defendant in that case, that, if the account, notwithstanding the settlement, was still open to correct the *error* made in settlement, the whole account was open and unsettled, and that consequently the justice would lose his jurisdiction. But the court held that the settlement was not to be disturbed, any farther than to correct the mistake, and that the whole account was not to be re-examined.

In this case the auditor has found the fact of the settlement by the parties, and he decided correctly, in not disturbing that settlement, after having found its existence.

Judgment affirmed.