MARTIN and MARTIN, Plaintiffs in Error,

*vs.*

BECKWITH and BECKWITH, Defendants in Error.

ERROR TO DANE CIRCUIT COURT.

A settlement by the parties of their mutual accounts, is conclusive, unless impeached for mistake or fraud; and evidence in regard to transactions prior to the settlement, embraced therein, is inadmissible, unless such settlement be impeached.

The statute does not require the justice to enter upon his docket the evidence given before him on the trial of a cause, though it does require him to take full minutes of all such evidence, and to file the same among the papers in the cause.

The return of the justice to a writ of certiorari of the evidence given before him on the trial of a cause, from his minutes and recollection, is to be considered by the court of review, as well as the transcript of the docket of such justice.

THIS was an action of assumpsit commenced by the Beckwiths against the Martins, before a justice of the peace of Dane county, to recover the sum of $92.70, on an account stated upon the settlement of an agreement in writing, by which the plaintiffs agreed to saw for the defendants, a quantity of lumber.

On the trial before the justice, the plaintiffs offered the contract in evidence, together with an indorsement on the back, as follows:

"Reckoned and settled up to this date, and found due the Beckwiths on this contract, ninety-two dollars and seventy-one cents. Pine Grove, February 23, 1853," which was signed by the defendants.

To defeat the plaintiffs' recovery, the defendants offered, and were permitted to give in evidence to the jury, various facts and circumstances all relating to a period anterior to the date of the settlement indorsed upon the contract. This evidence was objected to by the plaintiffs, as incompetent, unless the settlement was impeached for fraud or mistake, but the justice overruled the objection and admitted the evidence. As all of the evidence was subject to the same objection, it is not necessary to state it in detail.

Upon the evidence thus offered and admitted, the jury returned a verdict of "no cause of action," and judgment for costs was rendered by the justice against the plaintiffs. The case was taken by certiorari to the Circuit Court, where the judgment of the justice was reversed.

*T. Hood*, for the plaintiffs in error.

*Abbott & Clark*, for the defendants in error.

*By the Court*, COLE, J. Undoubtedly, the ground upon which the Circuit Court reversed the judgment of the justice was, that by his return, it appeared that all, or nearly all the testimony introduced before him, on the part of the Martins, related to a period prior to the settlement indorsed upon the contract. We think that the indorsement satisfactorily shows a settlement between the parties on the 23d of February, 1853:

"Reckoned and settled up to this date, and found due Beckwiths on this contract, ninety-two dollars and seventy-one cents."

That is the indorsement upon the contract, dated the day and year above mentioned, and signed by the Martins. Now, the conclusion drawn almost irresistibly from such language is, that there must have been a settlement between the parties at that time. If the language does not import a settlement, it is difficult to say what its meaning is. Admit that to be the case, then all testimony as to the dealings of the parties under the contract, or of any breach of it, prior to the settlement, would be obviously inadmissible until the settlement was impeached for fraud or mistake. The justice returns, that he believes that all, or nearly all, the testimony introduced by the plaintiffs in error on the trial, did relate to a period prior to the settlement indorsed upon the contract. He should not then have permitted it to go to the jury. Principle and public policy alike require that, when parties, after a full and fair opportunity of examining and deciding upon their mutual accounts, have adjusted and settled them, that the settlement should be conclusive. Any other rule would be dangerous and oppressive, and often work the greatest injustice. Here the Martins acknowledged, that at such a time, they settled with the Beckwiths, and found a certain sum due

them. When sued for this amount, they seek to defeat a recovery, by showing that the lumber was not sawed according to instructions, or fell short on measurement, or something of the kind. We cannot see how there could have been any settlement under the contract, without an inquiry into these very matters: They seem properly, legitimately, and almost necessarily to be embraced in it. Then why go over with them again before the settlement is impeached ? Some good reason ought to be assigned for it, certainly. But there is none given in this case. The following authorities show how far courts have gone in sustaining settlements. *Cogswell vs. Whittlesey*, 1 *Root*, 384; *Knox vs. Whalley*, 1 *Esp. R.* 159; *Dawson vs. Remnant*, 6 *id.* 24; *Spruance vs. Rodgers*, 12 *Mod. R.* 517; *Sandcroft vs. Dempsey*, 15 *Wend.* 83; *Buen vs. Horn*, 2 *Barb. S. C. R.* 586.

It is insisted, however, by the counsel for the plaintiffs in error, that on certiorari the appellate court can only consider so much of the return of the justice as sets forth matters which were properly subject of record upon his docket, or were incorporated in a bill of exceptions and thus made a part of the record of the case; and "that the statements of the affidavit for the writ of certiorari, as well also as the several returns made by the justice, containing his recollection of the testimony of the witnesses examined on the trial as well as of the motions there made by the parties and his rulings thereon, the same not being made of record by bill of exceptions, taken at the time of trial, cannot be considered by the Circuit Court in reviewing the record on certiorari."

The practice of making out bills of exceptions has never obtained in, and is not applicable to justices' courts. The statute prescribes the way for removing justices' judgments to the County (now Circuit) Courts, by certiorari. The remedy is one given by statute, and must not be confounded with the common law writ of certiorari, which confessedly brings up for review only the record of the inferior court, or tribunal. In the latter case judgment is reversed, if at all, for errors apparent on the record. *Section* 214, *chap.* 88, *R. S.*, prescribes what an affidavit for a writ of certiorari shall contain. Section 220 of the same chapter requires the party serving the writ to deliver at the same time to the justice a copy of the affidavit on which the

writ was procured, "and that the justice make a special return as to all the facts contained in such affidavit, and of the testimony and proceedings in the case, and annex a copy thereof to the writ." If the affidavit state for error that evidence was improperly admitted or rejected, the justice should return specifically as to such allegations. Ordinarily, and perhaps in no case, is the evidence put upon the docket of the justice. The statute certainly does not require it, although it does require that the justice enter upon his docket "all motions made in a cause and the decision thereon, and exceptions thereto," and "the objections, if any, made to the competency of a witness and the decision thereon" (*section* 11). It is made the duty of the justice to take full minutes of all evidence given before him on the trial of a cause, and to file the same among the papers in the case (*section* 79). Probably this is not very generally done in this state. Yet the protection of the justice, as well as safety, and accuracy, require an observance of this provision of the statute. The justice makes his return of the testimony from these minutes and his best recollection. Upon these returns the court of review proceeds and gives judgment in the case as the right of the matter may appear, making every warrantable intendment in favor of the regularity of the proceedings in the court below.

Now, in the case under consideration, it is not necessary, neither would it be proper, for the Circuit Court to go into an examination of the weight of testimony to ascertain upon which side it preponderates, and reverse the judgment because it arrives at a different conclusion from the jury upon it. It reverses the judgment because the return of the justice shows affirmatively that testimony objected to was improperly admitted. The justice says that he makes return in substance of all the testimony given in the cause, and that all, or nearly all of the testimony introduced by the plaintiffs in error, related to matters that the parties were concluded by their settlement from inquiring into.

The judgment of the Circuit Court is therefore affirmed, with costs.