Marsh vs. Case.

## MARSH VS. CASE.

*Evidence—Account books.*

30      531
52 LRA 708n

1. The evidence to surcharge an account should be clear and satisfactory; and in this case, the testimony being about evenly balanced, the court erred in opening the account and making a new balance.
2. Defendant's account book, put in evidence, contained an entry (among others) which he claims to show a credit in his favor against plaintiff; but he testified that he did not make said entry, and there was no further evidence concerning it. *Held*, that the book was not evidence of the correctness of such entry.

APPEAL from the County Court of *Milwaukee* County.

This action was commenced before W. W. Yale, Esq., a justice of the peace of the county of Milwaukee, to recover a balance of *four* dollars, which the plaintiff alleges was found due him from the defendant upon a settlement of divers accounts between them, and which balance the defendant promised to pay. The defendant admits the stating of the account, and that it appeared therefrom that he owed the plaintiff four dollars, and further, that he promised to pay the same to the plain-

tiff. The only account between the parties, was kept by the de¦ fendant, and he alleges that on a review thereof he found a mistake in the computations or footings, which were the basis of the settlement, of five dollars against himself, and he seeks to have the account corrected in this action, and a small balance certified in his favor. The defendant produced his account book on the trial, and, with a single exception, made oath to the matters required by statute, to make the same *prima facie* evidence of the charges therein contained. The exception above mentioned is stated in the opinion. The account contains nearly fifty items, and extends over a period of about three months. In it the plaintiff is charged with $35.25, and credited with $34.87 in the aggregate, showing a balance in favor of the defendant of 38 cents.

The only controversy between the parties was confined to a single item of $5, in the account, which is alleged to be a charge for cash paid the plaintiff, under date of May 23d. All the other charges and credits therein are admitted to be correct.

The justice gave judgment for the plaintiff for the amount of his claim and interest thereon, being $4.64, and for costs. The defendant appealed to the county court. The cause was tried upon the return of the justice, and that court gave judgment reversing the judgment of the justice, with costs. From such judgment of the county court the plaintiff appeals to this court.

*J. F. McMullen*, for appellant, to the point that the account book should not have been admitted in evidence, cited *Churchman v. Smith*, 6 Whart., 146; 1 Phillips' Evidence, Cowen & Hill's notes (1868), 381–383; 1 Greenleaf's Evidence, § 118 and note. See also *Martin v. Beckwith*, 4 Wis., 219.

*Austin & Wallber*, for respondent, argued, that defendant having verified the account book, it was competent evidence of the charges therein contained. *Winne v. Nickerson*, 1 Wis., 1; *Nickerson v. Morin*, 3 Wis., 243; *Schettler v. Jones*, 20 Wis., 412.

Marsh vs. Case.

Lyon, J. This case does not present a very broad or diffi-cult field for legal investigation. The single question to be determined is, whether the testimony is sufficient to justify the opening of the account stated and surcharging it with the dis-puted item of five dollars against the plaintiff. The justice held that the testimony was not sufficient for such purpose, and based his judgment upon the account stated by the parties. Upon the same testimony the county court held otherwise, and reversed the judgment of the justice. We are to determine which of these tribunals adjudged correctly.

The account book kept by the defendant, and containing the accounts between the parties, is before us. On page 8 we find the disputed item, with others, entered as follows :

|  | Cr. |
|---|---|
| April 23, paid George Marsh | $5.00 |
| May 6, to 3 bushels potatoes | 1.80 |
| May 7, to ½ days' work | 65 |
| May 10, to 1 days' work | 1.25 |

The work here entered was performed by the plaintiff for the defendant, and the potatoes were sold and delivered by the former to the latter, and all of these entries are, in form, credits to the plaintiff, and not charges against him. Besides, there is nothing in the entry to show what the $5 entry means. The amount stands there under the heading of " Cr.," and opposite the name of the plaintiff the abbreviation, " pd.," is interlined before the name, and a black line is drawn between the name and the next credit in the account. But all these circumstances together fail to convey to the mind the idea that the plaintiff stands charged there with five dollars, cash, paid to him by the defendant on account. The fact is, the book contains no such charge, and of itself furnishes no evidence, whatever, to impeach the correctness of the account stated by the parties.

But, were the fact otherwise, and were this a charge to the plaintiff of five dollars paid to him in cash, the book is not evidence of the correctness of the charge, for the reason that in respect to that particular item, the book is not verified as re-quired by the statute. The defendant testified, on cross-exami-

nation, as follows: "*I did not make the entry 23d of May of $5.*" We find in his testimony no explanation or qualification of this positive statement.

We think that the account book fails to furnish any evidence of the alleged mistake in the account, and we accordingly dismiss it from our consideration.

Does the testimony, aside from the account book, prove the payment to the plaintiff of the five dollars in controversy? We think not. The evidence to surcharge a stated account should be clear and satisfactory, much more so than is the evidence in this case, which tends to show the existence of the alleged mistake. Indeed, upon this subject, the testimony is about balanced. Certainly there is not such a preponderance in favor of the theory of the defendant as will justify a court in opening the account and making a new balance.

We are of the opinion that the judgment of the justice ought not to have been disturbed.

It follows that the judgment of the county court must be reversed, and that of the justice affirmed.

*By the Court.*—So ordered.