## WILSON vs. RUNKEL and another.

SETOFF.   (1) *When it must be a claim in favor of all the defendants.*
SURCHARGING ACCOUNT.   (2) *What constitutes.*   (3) *Evidence must be clear and conclusive.*

1. In an action on a promissory note, made by defendants in their firm name and for a partnership debt, they cannot offset an account against plaintiff in favor of another firm, now owned by *one* of the defendants.
2. It appearing that the note in suit was given for a balance found due from defendants to plaintiff upon a general settlement of accounts between the parties, including the account of defendants against plaintiff for goods furnished to one S., on plaintiff's credit, an attempt to show that part of the goods so furnished to S. was omitted, is an attempt to *surcharge the account.*
3. The evidence to surcharge an account should be clear and conclusive; and that offered by defendants for that purpose in this action is *held* insufficient.

APPEAL from the Circuit Court for *Juneau* County.

Action against *William Runkel* and *George Runkel*, on a note made by them January 23, 1866, under their firm name of Wm. Runkel & Co., by which they promised to pay plaintiff or order $500 on the 1st of December, 1866, with interest at seven per cent. from the first of March of that year. The action was commenced in December 1872, and the amount claimed to be due and unpaid was the full face of the note and interest from

March 1, 1866. The defendants, by their answer, claimed to offset a balance due them from the plaintiff on account, amounting to $500. The bill of particulars furnished the plaintiff was headed " Amasa Wilson, Dr., per Andrew Scott, to William Runkel & Co., Tomah,. Wis. : " and it showed charges for groceries, dry goods and other merchandise extending from January 1, 1864, to September 22, 1865, amounting in all to $924.57 ; with credits between January 27, 1864, and March 6, 1866, amounting to $685 ; the balance in defendants' favor being $239.57. The last item of credit, under date March 6, 1866, was $259.13 ; and the last preceding this was under date September 14, 1865. The court sustained a demurrer to the answer as not stating facts sufficient to constitute a counterclaim or defense, but gave defendants leave to amend ; and thereupon they amended their bill of particulars by adding thereto the following items :

1867, Jan. To paid your order to Delos Jones out of the store at New Lisbon,                                          $50.00.

1868, Jan. To flour sent you from Tomah,          $20.00.

The defendants presented their former bill of items with these added, as " making an entire account."

The parties stipulated to have the cause referred to G. C. Prentiss, Esq., " to take the testimony and report thereon with his opinion, and that the court might confirm [the report] and enter judgment thereon in vacation, or set aside or modify said report according to law after [at ?] a special term or in vacation, on notice, subject to the rights of the respective parties in such cases." The cause was accordingly referred to Mr. Prentiss by an order of court of May 8, 1874, which is not set out in the printed case ; but the bill of exceptions recites that said referee was appointed " to hear the cause and report thereon with his opinion according to law."

On the 31st of July,'1874, the referee reported to the court the evidence taken by him, with the exceptions taken thereto, and also his opinions upon the evidence. These were, in substance,

1. That there was due at that date upon the note in suit, for principal and interest, $794.58. 2. That about the time said note was given, a settlement was had between the plaintiff and the defendants ; that prior to that time the full bill from the Tomah store had been rendered both to plaintiff and to Andrew Scott (to whom the goods, etc., were furnished on plaintiff's credit) ; that all the parties then knew the amount of the claim ; that the note was given for the balance of the purchase money of real estate sold to defendants by plaintiff, "after deducting all claims or dealings between the parties ; " and that the defendants' bill of items, as originally presented, could not, therefore, be sustained as an existing indebtedness of the plaintiff. 3. That the item of $50 paid to Delos Jones was originally a claim in favor of Runkel & Ingersoll, and if assigned to the defendant *George Runkel*, it was still not a proper setoff in this action ; and that the proofs offered were not sufficient to show that the same was a payment upon the note. 4. That the evidence was not sufficient to show any sale of flour as claimed in the last item of the bill of paticulars.

This report was filed on the 6th of August, 1874, and a copy served on defendants, with notice of the filing, as also notice of a motion for the entry of judgment on the report at the October term of the court for that year. On the hearing of this motion, on the 15th of October, the court made an order granting defendants leave to file a bill of exceptions to the report. No time was specified within which such bill should be filed; and the record states that "no affidavit or evidence to support " the order was "offered or filed by defendants." The defendants filed exceptions to the report on the 12th of December, 1874, in which they claimed that upon the evidence they should have been allowed, as balance due them on account March 1, 1866, $239.57 ; for the payment made to Delos Jones, $50.00 ; for flour delivered to plaintiff, $7.00 ; and for interest on these several items, $168.90 ; making a total of $465.47. The court thereupon made an order setting aside the referee's report, and

allowing the setoff claimed by defendants. Judgment was entered accordingly, from which the plaintiff appealed.

*Vilas & Bryant,* for appellant, argued that under ch. 189, Laws of 1873 (superseding sec. 14, ch. 264, Laws of 1860), the defendants, after service upon them of a copy of the referee's report with notice of its filing, had only ten days allowed them for filing exceptions to its findings of fact and conclusions of law, and that upon their failure to file such exceptions within that period, plaintiff was entitled to judgment in accordance with the report (*Smith v. Smith,* 19 Wis., 522 ; *Jenkins v. Esterly,* 22 id., 128); and that defendants could be relieved from this result only upon affidavits satisfactorily excusing their failure to file exceptions within the time prescribed. *McLaren v. Kehlor,* 22 Wis., 297. 2. That the item of $50 paid to Delos Jones was not sustained by the proof; that, if assigned by Runkel & Ingersoll to *George Runkel,* it was not a proper setoff in this action (Tay. Stats., 1440, § 1, and 1449, § 5 ; *Lawrence v. Vilas,* 20 Wis., 381 ; *Hawes v. Woolcock,* 26 id., 629); and that, moreover, it was not pleaded as a claim assigned, but as part of a running account between defendants and the plaintiff. As to the item for flour, there was no sufficient proof whatever that any flour had ever been sold and delivered to plaintiff, and no attempt to produce books showing any such charge ; and it is plain that the whole item was an afterthought for the purpose of avoiding the bar of the statute of limitations against the account. 3. That the balance of the charges were all included in the general settlement of December, 1865, which could not be disturbed, unless upon clear proof of a mistake in the reckoning or adjustment. The burden of proof cast upon him who would reopen such an accounting is heavy, and increases with the lapse of years (*Martin v. Beckwith,* 4 Wis., 219 ; *Marsh v. Case,* 30 id., 531); and there was no sufficient evidence for that purpose in this case.

*Gregory & Pinney,* for respondents, contended that ch. 189, Laws of 1873, applies only to cases where the entire cause,

both as to facts and law, is tried by the referee; that under the stipulation in this case the issues of *fact* only were referred, and the referee was to report his opinion on the testimony; that under the stipulation for reference in this case, and under the statute, no exceptions to the referee's report were necessary, but the circuit court might review the report, "and *on motion* enter judgment thereon, or set aside, alter or modify the same, and enter judgment on the same so altered," etc.; that exceptions are necessary only in case a party desires to appeal, and on such appeal to have the report reviewed by the appellate court, which the defendants do not desire (Tay. Stats., 1499, § 26, and 1640, § 21; *Dinsmore v. Smith*, 17 Wis., 20; *Jenkins v. Esterly*, 22 id., 130); but that if such exceptions were necessary, the order allowing defendants to file theirs was within the discretion of the court. Tay. Stats., 1446, § 42, and 1632, § 6; *Smith v. Smith*, 19 Wis., 523. 2. That the question whether the account of the defendants was settled at the time the note in suit was given, was a question of fact; that defendants claimed the settlement in question to have been a *partial* one, not intended by either party to include goods obtained at defendants' store in Tomah of which no statement had been sent to the store at New Lisbon, where the business of settlement was transacted; and that as defendants did not claim that any error or fraud had intervened in any accounting between the parties, this was not an attempt to surcharge their account. They further contended that while the giving of the note was *prima facie* evidence of an accounting and settlement of all demands between the parties, and that the makers were indebted to the payee upon such settlement to the amount of the note, yet this was only a presumption, and liable to be explained; and that the evidence was abundant to overcome such presumption in this case, and entitle defendants to an offset of $239.57 for balance of account to March 1, 1866, and interest on that sum from that date, unless the account was barred. 3. That the evidence showed a course

of dealing between the parties, with mutual debts and credits, and that the last item, the charge against plaintiff for flour, was within the six years and was sufficient to take the whole account out of the statute, even if the item was not entered on any *books* of the defendants. *Green v. Ames*, 14 N. Y., 225, 230; *Catling v. Skoulding*, 6 Term, 189; *Kimball v. Brown*, 7 Wend., 322; *Tucker v. Ives*, 6 Cow., 193; *Penniman v. Rotch*, 3 Met., 216; Ang. on Lim., §§ 143–149.

RYAN, C. J. It is not material to our view of this case to criticise the order of reference or to determine the precise power of the referee under it. For with whatever authority he formed his opinion of the case, we quite agree with it.

We do not think that there was evidence to sustain either of the two items suspiciously added to the respondents' account, after the demurrer had been sustained to their first answer; apparently to take the account out of the statute of limitations. As to the first of them in date, the Jones order, it was confessedly a transaction between the appellant and Runkel & Ingersoll, and not between the appellant and the respondents. And even if it had been "turned over" to the respondent *George Runkel*, as he says, it had no legitimate place in the account of the respondents, or in an offset for them in this action. Whether the payment of it was a debt incurred or a debt paid we need not inquire, and could not well determine in this action. And as to the second in date of the two items, the flour, there certainly is no satisfactory evidence to charge the appellant with it.

But if these items had force to take the respondents' account out of the statute, we are of opinion that it was covered by the settlement between the parties, when the note in suit was given. It is hardly denied that there was then a general settlement; but it is insisted that this part of the respondents' account was not included in it. It is apparent, however, that the account now set up by the respondents, properly formed

part of an account which was included in the settlement. We think it enough to say that the weight of direct evidence appears to us to be against the fact of such omission; strongly confirmed, to our minds, by apparent inaccuracies and incongruities in the account itself. The seemingly honest discrepancies, and not a little confusion, in the recollection of the parties, bear witness to the wisdom and justice of the statute of limitations in such cases.

It will not do to say that it was a different account which was settled. We hold that the evidence shows a general settlement, including the account of the respondents for goods, etc., furnished to Andrew Scott for the appellant. And an attempt to show that part of the goods, etc., so furnished, was omitted, is an attempt to surcharge the account. 1 Story's Eq., § 525.

And, aside from the statute of limitations, we are clear that there is not evidence to authorize the court to open the settlement. "The evidence to surcharge an account should be clear and satisfactory." *Marsh v. Case*, 30 Wis., 531. "Principle and public policy alike require that when parties, after a full and fair opportunity of examining and deciding upon their mutual accounts, have adjusted and settled them, the settlement should be conclusive. Any other rule would be dangerous and oppressive, and often work the greatest injustice." *Martin v. Beckwith*, 4 Wis., 219.

*By the Court.* — The judgment of the court below is reversed, and the cause remanded with directions to give judgment for the appellant for the full amount of principal and interest of the respondents' note set out in the complaint.