McCORMICK v. INTERSTATE CONSOLIDATED RAPID TRANSIT RAILWAY COMPANY, Plaintiff in Error.

: Division Two, February 6, 1900.

1. **Accounting: SETTLEMENT: WHEN FINAL.** A complete ascertainment and settlement of the mutual claims and accounts between a contractor and a company for whom he performed the work for which he sues, and agreed upon by them to be such at the time, in the absence of fraud or mistake, is binding upon both parties.

2. ———: ———: BY NOTES.    And if the parties agree on the balance due and the debtor gives his notes for the amount, the settlement is so far conclusive that it can not be re-opened either at law or in ·equity, except on clear proof of fraud, or mistake, or an express understanding that certain matters are left open for future adjustment.

3. ———: SURRENDER OF NOTES: ACTION: AS UPON OPEN ACCOUNT: VARIANCE.    If the notes were received in settlement, but not in payment of the balance found by the settlement to be due, the payee may surrender them and maintain his action for their amount as upon an account stated.    But he can not in such case surrender the notes and maintain a suit upon the theory that the account is still an open one, although the amount sued for is the same amount that was found to be due him upon the settlement; for that would be to state one cause of action, and recover upon another.

Error to Jackson Circuit Court.—*Hon. E. L. Scarritt,* Judge.

REVERSED.

*Warner, Dean, Gibson & McLeod* for plaintiff in error.

(1)    The plaintiff can recover only on the case he makes in his pleading.    It is familiar law that plaintiff can not

declare on one cause of action and recover on another and entirely different one.    Whipple v. Peter Cooper B. and L. Ass'n, 55 Mo. App. 554; Smith v. Haley, 41 Mo. App. 611; R. S. 1889, secs. 2039, 2238; Field v. Railroad, 76 Mo. 614; Stix v. Matthews, 75 Mo. 96; Phillippi v. McLean, 5 Mo. App. 587; Haynes v. Trenton, 108 Mo. 130; Jacquin v. Grand Ave. Cable Co., 57 Mo. App. 331; Johnson-Brinkman Co. v. Central Bank, 116 Mo. 567.    (2)    The settlement made between the parties contains all the elements of an account stated.    Hence, the disputed open account was adjusted, all differences compromised, and the balance due agreed upon, and instead of the implied contract theretofore existing, for the payment of the reasonable value of a proper amount of extras by the company to McCormick, an express contract was entered into, by which all question of reasonable value was merged into a definite contract price of $7,444.80, and all questions of amount and quantity of extras claimed were agreed upon and settled.    (3)    Where suit is upon an express contract no recovery can be had upon *quantum meruit*.  Eyerman v. Cemetery, 61 Mo. 489; Davis v. Brown, 67 Mo. 313; Warson v. McElroy, 33 Mo. App. 553; Lewis v. Slack, 27 Mo. App. 119.    (4)    It was error to permit plaintiff to recover upon an account stated under the petition in this case.    Macke v. Davis, 61 Mo. App. 524; Marmon v. Waller, 53 Mo. App. 610; Bambrick v. Simms, 102 Mo. 158; Pickel v. Chamber of Commerce Ass'n, 10 Mo. App. 191; Koegel v. Givens, 79 Mo. 77.    It contains no allegation of a promise by defendant to pay the amount found due.    It is a palpable attempt to go behind a solemn settlement, a thing which can not be done in the absence of fraud or mistake.    Brown v. Kimmil, 67 Mo. App. 430. For the reasons stated above, we contend that it was manifestly erroneous for the referee to permit a recovery of a balance due, upon a settlement under a petition counting

McCormick v. Transit Ry. Co.

solely upon an open and unsettled account, and claiming a *quantum meruit*. Macke v. Davis, 61 Mo. App. 524.

*C. M. Ingraham* for defendant in error.

(1) Nothing short of an actual agreement or some evidence from which a positive inference can be made of an intention entirely to discharge the debtor and to take the security of a third person in lieu and substitution of the debtor or fraud will suffice. Merely receipting the notes as cash, or giving a receipt in full, or receipting the notes as being in payment of this debt will not alone be sufficient to prove that the notes were taken, not as conditional payment, but as an immediate and absolute discharge. Paret v. Pittfield, 5 Rawle, 166; McGinnis v. Holmes, 2 Walls, 121; McLugan v. Bovard, 4 Id. 308; Tobey v. Barber, 5 Johns. 68; Johnson v. Weed, 9 Id. 310; Rogett v. Merritt, 2 Car. 117; Van Eps v. Dillage, 6 Bart. 245; Hays v. Stone, 7 Hill, 128; Maze v. Miller, 1 Wash. C. C. 328; Harris v. Lindsay, 4 Id. 271; Peter v. Beverly, 10 Pet. 534; Glenn v. Smith, 2 Gill. & J. 494; Gordon v. Price, 10 Iredell, 385; Moore v. Briggs, 15 Ala. 24. (2) A promissory note or bill of the debtor, though accepted by the creditor in full satisfaction is not and can not be in law a discharge of the debt so as to extinguish the original cause of action. The acceptance of the note will postpone the right of action till it falls due. Putnam v. Lewis, 8 Johns. 389; Frisbie v. Sarred, 21 Wend. 450; Myers v. Wells, 5 Hill. 463; Baker v. Walker, 14 M. & W. 465; Maillard v. Duke of Argyle, 6 M. & Gr. 40; Brengle v. Burkey, 40 Ind. 141; Brugabon v. Seymour, 42 Conn. 554. (3) Without an express agreement, the receipt of a negotiable note of the debtor is not payment of a prior debt. Jeffrey v. Cornish, 10 N. H. 505; Edwards v. Truelock, 37 Ia. 244; Buckingham v. Waker, 46 Miss. 610;

Young v. Hibbs, 5 Neb. 433; Wildrick v. Swain, 34 N. J. Eq. 167; Nightingale v. Chafee, 11 R. I. 609; Day v. Thompson, 63 Ala. 269; Johnson v. Clarke, 15 S. C. 72; Jeffries v. Lamb, 73 Ind. 202.

BURGESS, J.—This is an action for extra work alleged to have been done, and extra materials furnished by plaintiff for the Wyandotte Railway and Tunnel Company in the construction of a tunnel in Kansas City, Missouri, with which said company the defendant was thereafter consolidated.

The petition in the cause alleges that defendant is a corporation under the laws of Kansas; that the Kansas City and Wyandotte Railway Tunnel Company was also a corporation; that the said Kansas City and Wyandotte Tunnel Company by consolidation became, and is now, a part of the Interstate Consolidated Rapid Transit Railway Company. That defendant succeeded to all the rights, debts and liabilities of the said Kansas City and Wyandotte Railway and Tunnel Company after the rendition of the services and the furnishing of the labor and materials alleged, and assumed and agreed to pay all the debts and liabilities of said Kansas City and Wyandotte Railway and Tunnel Company. That from the 15th day of May, 1887, to April 7, 1888, the plaintiff rendered services to the Kansas City and Wyandotte Railway and Tunnell Company, which services were performed at the request of said railway and tunnel company in building and constructing for it, the tunnel under Eighth street from Washington street to Bluff street, in Kansas City, Missouri, and for materials and labor and for other necessary things furnished by plaintiff in the construction of said tunnel and in and about said work on the like request, and an itemized statement of said services, labor and materials is attached and filed with the petition; and the further allegation is, that said services, labor and material were reasonably worth $23,228.31. There is a further allegation of interest

due thereon amounting to the sum of $2,229.14, making a total of $25,457.35, which it is alleged is owing to plaintiff from the defendant on account of its assumption of the liabilities as aforesaid of said railway and tunnel company. There are the further allegations that no part of said $25,457.35 has been paid; and that on July 16, 1888, a partial settlement was made and that at that time defendant executed and delivered to plaintiff its three notes, but that said notes were not taken in payment; that one of said notes has been paid; and the other two, one for $3,100 and one for $2,686.34, with interest and protest fees, have not been paid, and plaintiff offers to surrender and cancel them, and asks judgment for the said sum of $25,457.35.

The answer admits the corporate character of defendant, and admits that the Kansas City and Wyandotte Railway and Tunnel Company by consolidation became a part of the Interstate Consolidated Rapid Transit Company, and that the last named company succeeded to all the rights and became liable for all the debts of said Kansas City and Wyandotte Railway and Tunnel Company. It also admits that plaintiff performed certain services and furnished certain materials in and about the construction of its tunnel under Eighth street, west of Washington street, in Kansas City, Mo., but denies that the defendant is now indebted to plaintiff in the sum sued for in his petition or any other sum. The answer further alleges that on July 16, 1888, and prior thereto, there was a dispute therein existing between plaintiff and defendant as to the amount due to him under "his said contract from defendant," and that by the terms of said contract it was provided as follows:

"To prevent all disputes and litigation, it is further agreed by and between the parties to this contract that the engineer shall in all cases determine the amount or the quantity of the several kinds of work which are to be paid for under this contract, and he shall determine all questions

in relation to said work and construction thereof, and he shall in all cases decide every question which may arise relative to the execution of this contract on the part of the said contractor, and his estimate and decision shall be final and conclusive upon said contractor; and such estimate and decision, in case any question shall arise, shall be a condition precedent to the right of the party of the second part to receive any money under this agreement."

That neither the chief engineer of defendant nor of the said railway and tunnel company ever allowed any part of the claim or claims for which this suit is brought, and that he did not decide at any time that such claims, or any part thereof, were due to the plaintiff from defendant, but, on the contrary, denied that said sum sued for, or any part thereof, was due.

The answer further alleges that on July 16, 1888, plaintiff and one Gillham, as chief engineer of said Kansas City and Wyandotte Railway and Tunnel Company and of defendant, came together to adjust and settle all claims and demands made by plaintiff against defendant, and to compromise all disputes existing between them; and that then and there it was agreed there was due plaintiff for work done and materials furnished in and about the construction of said tunnel the sum of $17,691.22.

It also alleges that on said July 16, 1888, defendant accepted said compromise settlement and paid to plaintiff said sum of $17,691.22, and that plaintiff accepted said sum of $17,691.22 in full and complete compromise settlement of any and all demands that plaintiff had in law or equity against defendant, and that of said sum of $17,691.22, the sum of ———— was paid in cash, and for the remainder thereof plaintiff received three notes of defendant, of which the two notes described in plaintiff's petition are a part.

The answer further pleads that said notes and money together, making said sum of $17,691.22, were paid to plain-

tiff and by plaintiff received in absolute discharge and payment of any and all claims which plaintiff had against defendant, and that defendant made said payment of money and notes in consideration of said compromise settlement, and in full compromise settlement and release of all claims and demands which plaintiff had or might have had against defendant, and that plaintiff on said July 16, 1888, formally and fully receipted to this defendant.

Aside from the above the answer contains a general denial.

The reply to the answer states that the portion of a contract quoted in paragraph 4 of the answer, being that relating to the powers and duties of the chief engineer of defendant, has no application to plaintiff's claim for compensation done outside the contract, of which the said quotation forms a part, and further states that defendant allowed and paid plaintiff for some work done outside of the contract, for which credit has been given to defendant.

The reply further denies that there was ever any final and full settlement of accounts between plaintiff and defendant, and avers that the notes aforesaid were not taken in payment of its claim against defendant or any portion thereof.

The facts are about as follows:

On April 25, 1897, the plaintiff and the Kansas City and Wyandotte Railway and Tunnel Company entered into a written contract by the terms of which plaintiff agreed to excavate a tunnel for said company, under Eighth street, in Kansas City, Mo., extending from a point on said street where the same is intersected by Washington street, westward to a point where said street is intersected by Bluff street, the work to be done in good, substantial and workmanlike manner, he to furnish all material and labor necessary for the purpose. Plaintiff began work on the tunnel in May, 1887, and completed it in April, 1888. Robert Gillham was chief engineer of the work, to whom monthly statements were made

by the contractor as the work progressed, which from the beginning contained charges for extra work and material. On the 16th day of July, 1888, plaintiff and defendant had had a settlement of all matters connected with, and growing out of the construction of the tunnel, including extra materials furnished, and extra labor performed by plaintiff, as a result of which there was found to be due plaintiff $28,261.48, and that from that sum there should be deducted for orders given on defendant by plaintiff to third persons the sum of $10,570.26, and that the balance due plaintiff was the sum of $17,691.22, for which three notes were executed, one of which was afterwards paid, but the other two were not paid, and these last two plaintiff offered to and did surrender up to be canceled.

Thomas R. Morrow was by the court appointed referee, who thereafter made report as such, in which he found that the settlement between plaintiff and defendant made July 16th, was a final settlement of all matters between them connected with the construction of the tunnel, but that the notes given by the company and accepted by McCormick as the result of said settlement, were not accepted by McCormick as payment, and, as they had been surrendered, the amount thereof remained due and unpaid, for which he was entitled to judgment, together with interest thereon at the rate of six per cent per annum from the 16th day of July, 1888.

Upon the report of the referee being filed defendant excepted thereto upon the following grounds:

1st. The plaintiff's pleadings in this case show this suit to have been instituted by the plaintiff upon an unsettled account, and in plaintiff's petition the fact of a settlement of the account sued upon as an open account, including certain terms and conditions of settlement, are stated with a view to show to the court plaintiff's right to sue and recover upon an open original account the same as if no settlement had been made, and offers to surrender the two notes men-

tioned in the report of the referee, and thereby secure to plaintiff the right to recover the account submitted for settlement and settled. Also to recover upon that portion of the account submitted and settled represented by the two notes afterwards executed in pursuance of the settlement upon which the finding of the referee is based.

2d. One of the issues in the case, and the only one treated as material in the finding by the referee, is whether or not the amount of the two notes mentioned, amounting to $5,786.11, were included in the settlement or formed any part of the consideration of said settlement, or were accepted at the time or subsequent to the settlement by the plaintiff in discharge of plaintiff's claim.

3d. Defendant insists that the findings of the referee are inconsistent: First, with the issues made upon the pleadings; second, with the evidence in the case, in that a preponderance of the evidence shows that the notes in question covered the only consideration remaining due and unpaid to the plaintiff arising from said settlement.

4th. Assuming the last statement to be correct, defendant excepts to the findings upon the ground that the said notes were executed in pursuance of one of the conditions of the settlement, canceled the accounts, and left the plaintiff with but one right or one cause of action, namely, his right to sue upon and recover according to the terms specified in the notes.

5th. The findings of the referee upon the notes in question are inconsistent with the issues submitted and contrary to law.

6th. The referee should have found for the defendant.

7th. The referee having found that the claim sued upon was embraced in the settlement between the parties made on July 16, 1888, and that that settlement included all matters of difference arising out of the building of the tunnel between plaintiff and defendant, and that the two notes, aggregating $5,786.34, were given in pursuance to that settlement, the

conclusion of the referee, No. 5, that "plaintiff is entitled to have judgment for the amount remaining unpaid, and which is the amount represented by the two notes, to wit, the sum of $5,786,34," is erroneous, and not in accordance with the law applicable to the facts found.

8th. The referee having found from all the facts that all matters of difference between plaintiff and defendant, including the claim sued upon, were included in the settlement of July 16, 1888, the referee erred in permitting plaintiff to repudiate that settlement and sue upon the original account and claim and to recover the amount of the balance remaining due and unpaid as fixed and determined by that settlement.

9th. The conclusions of law made by the referee are not supported by the facts found.

10th. The referee having found that the two notes, aggregating $5,786.34, were given in pursuance to the settlement of July 16, 1888, and that that settlement included all matters of difference between plaintiff and defendant, including the claim sued on, should have found and concluded that plaintiff's sole cause of action was upon said two notes, and the referee erred in holding that plaintiff could surrender said notes and sue upon the original claim against the defendant.

11th. The findings and conclusions of the referee are contrary to the law.

The exceptions were overruled, and defendant excepted.

Judgment was then rendered upon said report, confirming the same and in favor of plaintiff for the sum of $7,705.80, with interest thereon from the date thereof at six per cent per annum and costs, and ordered that plaintiff surrender and cancel the two notes, described in the petition.

After unsuccessful motion for a new trial defendant sued out from this court its writ of error, and brings the case before this court for review.

The petition is drawn upon the theory that there was

only a partial settlement of the claims of plaintiff against defendant for extra work and extra materials furnished by him in the construction of the tunnel, and that in such circumstances he has the right to proceed as if no settlement had been made between the parties, but the referee not only found that on the 16th day of July, 1888, there was a complete determination and ascertainment of all claims of every kind, both under the contract and for extras, including the claim sued upon, but that it was so agreed at the time between them, and the settlement in the absence of fraud or mistake must be held to be binding upon them.

"When parties, having mutual matters of account between them, growing out of a contract, deliberately account together and state a balance, and the party who, on such accounting, is found indebted to the other pays the debt or gives a written obligation for its payment this settlement is so far conclusive between the parties that it can not be reopened or gone into, either at law or in equity, except upon clear proof of fraud, or mistake, or of an express understanding that certain matters were left open for future adjustment." [Pickel v. St. Louis Chamber of Commerce Ass'n, 10 Mo. App. loc. cit. 194. See, also, Knox v. Whalley, 1 Esp. 159; Bull v. Harris, 31 Ill. 489; Lee v. Reed, 4 Dana, 111; Hodges v. Hosford, 17 Vt. 615; Darlington v. Taylor, 3 Grant's Cases, 195; Martin v. Beckwith, 4 Wis. 220; Gibson v. Hanna, 12 Mo. 165; Cogswell v. Whittlesey, 1 Root, 384; Sergeant v. Ewing, 36 Pa. St. 156; Nicholson & Co. v. Pelanne Bros., 14 La. Ann. 508.]

It logically follows that plaintiff can not go behind the settlement, and the question is, can the judgment be sustained upon the ground that the amount sued for is the same amount, less credits, that was found to be due him upon the settlement, and, for which three notes were executed by defendant, one of which was paid before the institution of this suit, and the surrender of the other two, and for which the

referee reported him to be entitled to judgment, with six per cent interest thereon from the date of the settlement?

As there was no agreement between the parties that the notes were to be taken by plaintiff, in payment of the amount found to be due him on the settlement, upon the surrender of the notes to defendant he might have maintained an action against the company for that balance, less payments up to the time of the institution of this suit, as upon a stated account. [1 Wait's Actions and Defenses, 191; Stebbins v. Niles, 25 Miss. 267.] "The balance of a stated account is principal, and it can not be re-examined to ascertain the items or their character." [1 Wait's Actions and Defenses, 192; McClelland v. West, 70 Pa. St. 183.] This action is not, however, prosecuted upon the theory of a stated account, but upon the theory that the account is an open account, which are inconsistent with each other; and it is a well-settled rule of practice in this State that the plaintiff must recover, if at all, on the cause of action stated in the petition, and that where one cause of action is stated in a petition, there can be no recovery upon another and entirely different cause. [Clements v. Yeates, 69 Mo. 623; Field v. Railroad, 76 Mo. 614; Stix v. Matthews, 75 Mo. 96; Whipple v. Peter Cooper B. and L. Ass'n, 55 Mo. App. 554; Johnson-Brinkman Com. Co. v. Central Bank, 116 Mo. 558; Haynes v. Trenton, 108 Mo. 130.] In the case last cited it is said: "This court has always given a liberal construction to pleadings under the code, but it has sternly set its face against the attempt to sue on one cause of action and recover on another."

But it is ingeniously argued by counsel for plaintiff, that the basis of plaintiff's cause of action was the labor done and material furnished on the tunnel and it remained unaffected by the settlement, except in respect of the amount of compensation he should receive for the same; that the account then stated and the settlement then made did not change the cause of action, that it remained the same except

that the damages became limited to a definite, fixed, liquidated sum. That by that settlement the parties agreed what was the *quantum meruit* of the labor and material McCormick had furnished, and the referee simply found that the best evidence of what was the reasonable value was what the parties found it should be by their agreement. So that the judgment was not predicated upon the account stated, nor upon the contract of settlement, but upon the original demand, as modified by the evidence afforded by the "account stated, and the express contract of settlement." We are unable, however, to concur to an unlimited extent in the views here contended for. That the basis of the cause of action set forth in the petition, is for the labor done and material furnished on the tunnel, is manifest from the allegations therein contained, but that said cause of action remained unaffected by the settlement except as to the amount of compensation plaintiff should receive for the same, we are unable to agree to, for all such matters, including the compensation which plaintiff was to receive therefor, were included in the settlement, as clearly appears from the referee's report. So do we concur in the contention that the judgment was not predicated upon the account stated, nor upon the contract of settlement, but upon the original demand, which was not, we think, modified by the evidence afforded by the account stated, and the contract of settlement. The contract of settlement had the effect of abrogating any cause of action that plaintiff may have had against defendant with respect to any of the matters included in the settlement, and thereafter his remedy was upon the notes given to him by defendant for the amount found to be due him on the settlement and remaining unpaid, or for the amount found due at the time upon the surrender of the notes, as upon an account stated.

If the suit had been upon the last named ground the court could but have confirmed the report of the referee, and rendered judgment for plaintiff in accordance therewith,

but under the cause of action stated in the petition, and the finding and report of the referee there was an entire failure of proof, and the exceptions to the referee's report should have been sustained.

For the reasons indicated the judgment is reversed. *Gantt, P. J.,* and *Sherwood, J.,* concur.