JOHN F. KIMBALL v. CHARLES W. HAYWARD.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 22, 1915.

*Reference—Report of Auditor—Sufficiency of Evidence—Auditor's Longhand Minutes—Presumption as to Completeness.*

An auditor's report is not impeached by the fact that it recites some findings not sustained by his minutes of the evidence taken in longhand and made a part of his report, for such minutes are not to be considered a complete and accurate statement of the whole evidence, and in preparing his report an auditor is entitled to use his recollection as well as his minutes.

In an action on book account *held* that the evidence sustains the finding that plaintiff furnished the charged automobile supplies either to defendant, or to his son for defendant's benefit.

BOOK ACCOUNT. Heard on the report of an auditor, and defendant's exceptions thereto, at the June Term, 1915, Orange County, *Slack*, J., presiding. Exceptions overruled and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Wallace Batchelder* for the defendant.

*M. M. Wilson* for the plaintiff.

MUNSON, C. J. The exceptions are to a judgment rendered by the county court on an auditor's report. In allowing the several items, the auditor uses this language: I find that the plaintiff furnished this article to the defendant, or to Fred Hayward, son of the defendant, for the benefit of the defendant. The defendant contends that this finding is too uncertain to support a judgment. It is said that a delivery to the defendant would be one thing, and a delivery to the defendant's son another thing. But if the defendant's son was the defendant's agent, the two transactions would be the same in legal effect;

and this relation is what the plaintiff claimed. The auditor finds that the defendant rented the garage of the plaintiff, and that Fred Hayward worked for the defendant, and had charge of the garage and the purchasing of supplies for the defendant; and finds further that the defendant authorized Fred Hayward to purchase supplies on his, the defendant's credit.

But the defendant insists that there is no evidence to support these findings, and bases his claim upon certain minutes which the auditor, at defendant's request, made a part of his report, and which he styles in his report a copy of the evidence taken by the auditor. These minutes are evidently such as the auditor could conveniently take in longhand, in narrative and abbreviated form, as the evidence came in, and they are not to be considered a complete and accurate statement of the entire testimony. The auditor doubtless heard some testimony not taken down, and in preparing his report he was entitled to use his recollection as well as his minutes. So if the report contains some finding not sustained by these minutes, this alone will not be sufficient to impeach the report.

But it may be well to notice that the minutes presented contain testimony tending to establish the findings above recited. The defendant's own testimony recognizes the fact that he is the one paying rent for the garage. As regards the business, the defendant says that all he knows about the supplies for the automobiles is what Fred tells him, and that he paid for what Fred asked him to pay for. The son testified: ''We had some things along from time to time. Whatever we got went onto our cars.'' And this meets the defendant's further claim that there is no evidence tending to show a delivery of the articles to either father or son. Other objections made by the defendant are sufficiently covered by what has been said.

For an illustration of the circumstances which may be held sufficient to sustain a finding of authorization see *Hodges* v. *Hosford*, 17 Vt. 615.

*Judgment affirmed.*