URIAH H. PERSONS' Adm's., Plaintiffs in Error.

*vs.*

MORGAN L. BURDICK, Defendant in Error.

ERROR TO MILWAUKEE COUNTY COURT.

Declarations of a third person, not a party to the suit, who would himself be a competent witness, are not admissible in evidence.

The judgment of a Justice will not be reversed on *certiorari* where the testimony before him was conflicting, on the assumption that it is contrary to the weight and effect of the evidence merely.

This was an action of trover, brought by the plaintiff in error against the defendant in error, before a Justice of the Peace, for taking and converting four hogs, the property of the plaintiff, &c. The defendant pleaded not guilty, and the cause was tried without a jury.

It appeared from the evidence that the plaintiff had a farm in the town of Lake, which had been in the occupancy of one Lemonier, his tenant; and the plaintiff produced and proved the execution of a contract of settlement between the plaintiff and said Lemonier, in and by which said Lemonier transferred to the plaintiff, with the possession of the farm, certain chattles and stock, among which were four hogs, which it was claimed were those in dispute in this case. The witness, S. B. Chamberlain, testified to having heard the defendant say he had got the pigs, referring to the hogs left by the tenant on the place. He claimed the pigs under a purchase from Lemonier.

John Douglas said: I have seen the pigs; they were worth about $1.75 apiece. And on his cross-examination, the witness further said, I saw the pigs before Lemonier or defend-

ant got them; Lemonier got them of Mrs. Kelly about last January.

The defendant's counsel asked witness what he had heard Lemonier say about his having sold the pigs to defendant, which was objected to by the plaintiff's counsel, and the the objection was sustained and counsel for defendant excepted. Defendant's counsel then proposed to show by witness that Mr. J. A. Cross wished to purchase the pigs, that defendant had taken as aforesaid, of David Lemonier, and that Lemonier said that he had sold the pigs to defendant, and that Lemonier said to Cross that he could not sell them again. Plaintiff's counsel objected, sustained and defendant excepted.

Plaintiff rested. Defendant moved for a non-suit, which was refused; defendant offered in evidence second paper identified by witness L. L. Powers, as follows, to-wit: "February 9, 1852. Uriah H. Persons and David Lemonier has this day looked over all their accounts and settled all demands to this date. Lemonier is to deliver up the farm to Persons on or before the first day of April, 1852. Shall cancel all which has passed heretofore, all claims of every nature—except Lemonier is to clear the ten acres or thereabouts opposite or nearly so of the farm that belongs to Keltner, for which he agrees to clear and fence, and have it done by the first day of September, 1852, which he has received his full pay for the work and to be done by the first day of September, 1852, &c., (as previous copy substantially and omitting "4 Hogs, $3 each.")

J. B. Chamberlain said: Have seen the pigs, in a sleigh at my house—4 of them as they said—I did not count them—January last; I know of sale from Lemoniere to defendant, a few days before Circuit Court, Milwaukee County, February last, and about one week before, I think, which would be about 1st of February, I and Lemoniere met defendant: defendant asked Lemoniere what he was going to do with his pigs, Lemonier said, "sell them," defendant said, "won't you sell them to me?" Lemonier said "yes." Plaintiff said "I'll buy them," or "he wanted some." Lemonier said, "Well you can have them." Defendant said he would

take them on the wagon springs Lemonier had of him. Lemonier said he could have them on that. Something was said about the price of the wagon springs, but Lemonier said he could have them for what they were worth. The wagon springs were worth $12. I know Lemonier had wagon springs of the defendant about the first of January last.

The defendant's counsel asked the witness if in a week or so after, Lemonier told him to tell the defendant to come down and get the pigs, which question was objected to by the plaintiff's counsel and the Court sustained the objection, and the defendant's counsel excepted to the decision of the Court. The witness further testified as follows : I can't say how long Lemonier has occupied the premises, but I have known him to live there four years, and I think he occupied them on shares. Some they have divided and some not, but I cannot say as any divided ; and on his cross-examination by the counsel for the plaintiff the witness further testified : Lemonier had four pigs there and lived on the place with his family. I think the pigs were worth from $1.50 to $2.00 apiece ; I have seen the same pigs at the defendant's since.

The cause was submitted to the Justice, who took time to consider, and ultimately rendered a judgment for the plaintiff.

The Justice further returned as follows : the said Morgan L. Burdick did offer to prove the statements of said David Lemonier, and I excluded such statements or confessions. I excluded no matter of fact as to the possession of the pigs.

Thereupon the cause was re-moved by the defendant by certiorari to the County Court for the County of Milwaukee, for errors assigned, and the judgment of said Justice was reversed. To which judgment of reversal the plaintiff excepted as erroneous.


*Watkins and Starke* for the plaintiff in error.

1. There was no ground for the reversal of the judgment of the Justice by the County Court. The testimony before the Justice upon the questions of property and possession was con-

flicting, and the finding of the Justice thereon was conclusive. *Bacon vs. Tarpenny*, 3 Hill, 75.

There was no error of law. The Justice properly excluded evidence of the statements of Lemoniere in the absence of the plaintiff Persons. Lemonier was not a party to the action and would have been a competent witness for the defendant.

*By the Court*, WHITON C. J. We do not see how the judgment of the County Court can be sustained.

The present defendant in error appears to have relied in the County Court principally upon the alleged error in the Justice in deciding improperly in regard to the weight and effect of the testimony, and in ruling out the testimony which was offered, of the declarations of a third person, (Lemonier). We think that the decision of the Justice was correct in regard to the admissibility of this testimony. It was not offered as explanatory of any act which the witness performed, and unless the plainest rules of evidence were violated, could not have been received. Lemoniere was a competent witness for either party, and we cannot imagine upon what principle his naked declarations can be allowed to be evidence.

In regard to the decision of the Justice upon the weight and effect of the testimony, we have only to remark that the testimony was conflicting, and that the decision of the Justice in such cases will not be reversed upon *certiorari*. *Bacon vs. Tarpenny*, 3 Hill, 75.

Judgment of County Court reversed, and judgment of Justice affirmed.