June Term,
1862.

HASSA
v.
JUNGER.

---

## HASSA VS. JUNGER.

Where one has been guilty of some wrongful act or neglect which may cause injury to other persons, such persons are still bound to use ordinary care and prudence to avoid the injury, and if they do not, they cannot recover.

So held, where plaintiff sued for damages to his crop by cattle in consequence of the defendant's removal of what the plaintiff alleged to be a division fence, but it appeared that the plaintiff had sown his crop sometime *after* the fence was removed.

In trespass before a justice of the peace, the complaint was for damage to the plaintiff's growing *wheat*.  The justice decided that the plaintiff was not entitled to recover for damage to his wheat, but gave him judgment for damage to his *grass* trodden down or eaten.  *Held*, that the judgment was erroneous.

On an appeal from a judgment of a justice of the peace for less than $15, the circuit court sits in review of the record, which includes the evidence, and is not bound to file a written statement of the facts found by it and its conclusions of law.

APPEAL from the Circuit Court for *Columbia* County.

This action was commenced before a justice of the peace.

June Term, 1862.

HASSA
v.
JUNGER.

The complaint alleged that on &c., the defendant tore down and removed part of a fence dividing certain land of which the plaintiff was lessee, from the land of the defendant, in consequence of which the plaintiff's growing crop of wheat was damaged $50. The proof was that the fence was removed about the middle of April, and the plaintiff began to plow his land about the 22d of that month, and finished sowing it to wheat about the 2d of May.—The justice decided that the fence had been recognized as a line fence for a year or thereabouts, and that removing it without notice to the plaintiff was unlawful; that there could be "no damages obtained for wheat sown after the fence was taken away," but that the plaintiff was entitled to one dollar for damage done by cattle in tramping up the land and eating the grass in the corners of the fences. Judgment accordingly. The defendant appealed, and the judgment of the circuit court was, "that the judgment of the justice of the peace be reversed, and that the defendant recover his costs." The plaintiff below moved for a new trial, because, among other reasons, there was no finding by the judge of the facts, nor statement of his conclusions of law. Motion overruled.

*Gerrit T. Thorn*, for appellant, to the point that the circuit judge should have filed a written statement of his finding of facts and conclusions of law, cited R. S., chap. 132, sec. 19; chap. 120, sec. 218; *Ogden vs. Glidden*, 9 Wis., 55; *Hutchinson vs. Eaton*, id., 227; *Davis vs. Judd*, 11 id., 11.

*D. F. Weymouth*, for respondent.

*By the Court*, PAINE, J. The judgment in this case must be affirmed. The suit was brought, as appears by the complaint, solely for an injury to the plaintiff's crop, which was alleged to have been occasioned by the defendant's taking down the fence. There was no allegation and no proof that the fence removed belonged to the plaintiff, or that the defendant trespassed upon the land in possession of the plaintiff in removing it. The only injury complained of is consequential—that arising to the crop by cattle getting in where the fence was taken down. The evidence returned by the justice showed that the crop was sowed by the plaintiff a

October 11.

considerable time after the fence was removed. That being so, it was the plaintiff's own folly to sow his crop, leaving the fence in such a condition that the cattle could enter and destroy it. Where one has been guilty of some unlawful act or neglect which may cause injury to others, all others are still bound to use ordinary care and prudence to avoid the injury ; and if they do not, they cannot recover. That was the case here. The defendant used no care whatever. He might as well have driven voluntarily against an obstruction which another had placed in the road, and which he could easily avoid, and then sue for the damages.

The justice himself disallowed all damages for the crop, but allowed damages for the grass growing in the corners of the fences, which was eaten or trodden down. It is enough to say that no such damage was sued for, and that the judgment was properly reversed by the circuit court.

We do not think the judge was bound to file a written finding of the facts and conclusions of law. The provision of the statute requiring that, relates to cases tried originally before the circuit or county judges. But in appeals like this from a justice's court, where the judgment is under fifteen dollars, they sit in review upon the record returned by the justice, which includes the evidence. And if the case is brought here, the question is, whether, upon that record, the judgment of the court below was right or wrong.

Judgment affirmed, with costs.