## CAMPBELL and others vs. BABBITTS.

*October 19 — November 3, 1881.*

APPEAL FROM J. P.   *(1) Rule as to reversing judgment on questions of fact.*
*(2) Title of cause in justice's docket.*

1. On appeal from a justice's court where the cause is properly tried by the appellate court merely on the justice's return, it is error to reverse the justice's judgment upon questions of fact, unless the findings of fact in that court are clearly unsupported by the evidence.
2. Where the summons and pleadings show the names of all the parties, the judgment of the justice will not be reversed merely because, in entering the case in his docket, after giving the name of one plaintiff, he designated the others by the words "*and others.*"

APPEAL from the County Court of *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was commenced in justice's court. In that court a jury trial was had. The jury returned a verdict in favor of the defendant for six cents damages, upon his counter-

claim set out in his answer, and judgment was rendered for costs against the plaintiffs. The plaintiffs appealed to the county court of Winnebago county, but made no affidavit to entitle them to a new trial in that court. The case was tried in the county court upon the return made by the justice, and judgment was rendered in favor of the plaintiffs, reversing the judgment of the justice, and adjudging that the plaintiffs recover of said defendant their costs, taxed at $39.19. From this judgment of the county court the defendant appeals to this court."

For the appellant there was a brief by *John W. Hume*, and oral argument by *Gabe Bouck*.

*Geo. W. Burnell*, for the respondent:

1. The county court was in no way bound by the verdict of the jury in the justice's court. By the statute (sec. 3769, R. S.) it might affirm, or reverse in whole or in part, and for errors of *law* or of *fact*. Here it reversed "in whole," and generally. No findings are made or filed in such cases. *Hassa v. Junger*, 15 Wis., 598. The county court acted entirely within its province in reversing the case on the merits; and the settled rule of this court is not to disturb the findings of fact of the court below, unless there is a clear preponderance of evidence against them. This court will find no such preponderance as will authorize it to say that the county judge was wrong in holding that the defendant ought not to recover. 2. The only means of ascertaining against whom the justice's judgment in favor of the defendant was rendered, is by looking back to the head of the docket, where the plaintiffs are named as "*James D. Campbell and others.*" If a transcript of such a judgment were filed in the circuit court, clearly the clerk could issue execution against none but *James D. Campbell.* If the summons and complaint were lost, as frequently happens, and the successor to this justice, having his docket, were called upon to issue execution, the only person against whom he could find any record of a judgment in this action

would be *James D. Campbell.*   The judgment of a justice of
the peace should be as certain in matters of substance as the
judgment of a court of record.  *Beemis v. Wylie,* 19 Wis.,
318;  *Thomas v. Holcombe,* 7 Ired. Law, 445.   Moreover, it is
manifest that a judgment against one of several joint plaint-
iffs, where there has been no discontinuance or nonsuit as to
the others, is erroneous.   *James D. Campbell* had a right
to insist that his coplaintiffs should be mulcted for their share
of the costs; and his coplaintiffs were aggrieved because the
judgment was not in their favor.

TAYLOR, J.   It will be seen, from an examination of the
proceedings and evidence returned to the county court by the
justice, that the plaintiffs claimed $50.95, and if they had re-
covered upon the merits they would have been entitled to
recover that sum.   In their appeal to the county court they
make no affidavit for a new trial, and ask the appellate court
to reverse the judgment of the justice's court for errors ap-
pearing in the record, or because the verdict and judgment in
that court were not supported by the evidence.   An appeal
from a justice's judgment, when the judgment against the
appellant is less than $15, exclusive of costs, does not entitle
the appellant to a new trial in the appellate court.   The appel-
late court must proceed to retry the case upon the record and
evidence returned by the justice.   Section 3767, R. S., directs
that " the appeal shall be heard on the original papers and the
return of the justice, containing all the material evidence and
his rulings in the action, in case the judgment, exclusive of
costs, does not exceed fifteen dollars, except as otherwise pro-
vided in the next section."   Section 3769 provides that, " upon
the hearing of the appeal, when there is no new trial in the
appellate court, such court shall give judgment according to
the justice of the case, without regard to technical errors or
defects which do not affect the merits, and may, if necessary
for that purpose, amend the pleadings therein, and in giving

judgment may affirm or reverse the judgment of the court below in whole or in part, either as to damages or costs, or both, as to any or all the parties, and for errors of law or fact. To the copy of every such judgment, upon an appeal, there shall be annexed the return upon which it was heard, which shall be filed with the clerk of the court and constitute the judgment roll; and judgment shall be executed by process of the appellate court."

Under these provisions of the statute, it is evident that the appellate court may reverse the judgment of the justice for errors of law appearing from the return, and also upon the merits of the case, if the evidence does not support the judgment. In the case at bar, it does not appear from the record upon what ground the judgment of the justice was reversed. It is stated by counsel that the reversal was for irregularity in the entry of the title of the action in the justice's docket; it appearing from the return of the justice that the title as entered in the docket was *"James D. Campbell et al. v. Albert Babbitts."* Notwithstanding this assertion of the counsel, we think the respondents are entitled to call upon this court to examine the evidence in the record in order to determine whether the judgment was not properly reversed because the verdict and judgment in the justice's court were not sustained by the evidence.

The learned counsel for the respondents insists that, in reviewing the findings of the county court upon the evidence returned by the justice, we must proceed upon the rule which this court has laid down for its guidance in reviewing the decisions of the circuit courts upon questions of fact determined by them upon a trial in such courts, and that we should not reverse the judgment of the county court unless it appears that such judgment is clearly against the preponderance of the evidence in the case as returned by the justice. We think this rule is wholly inapplicable to the case. The verdict and judgment of the justice being in favor of the defendant, upon

evidence which is conflicting and somewhat contradictory, the same rule must apply to the county court, upon appeal from the justice's court, in reviewing the judgment of the justice upon questions of fact, as this court has applied in reviewing such questions upon an appeal from a judgment of a circuit court rendered upon a trial by a jury in that court.

The appellate court, upon the hearing of an appeal from a justice's court, when no new trial can be had, can only reverse the justice's judgment upon questions of fact litigated in the justice's court, when the judgment of the justice or the verdict of the jury is clearly unsupported by the evidence. The justice and the jury in that court have the same power to determine questions of fact that the circuit judge and the jury in the circuit court have, and there is no good reason for holding that the findings of the justice or jury in the justice's court should be less conclusive upon the parties upon all questions of fact than the findings of a circuit judge or jury in the circuit court. The interests at stake are not as great in the justice's court as in the circuit, and in every case where the demand of either party to the litigation exceeds $15, and the judgment has been against the validity of such demand, the party claiming to be aggrieved can procure a new trial in the circuit court upon the merits, if he desires it. If he waives such right of retrial, he is in no position to demand of the appellate court that the judgment should be reversed upon questions of fact determined against him, unless they are clearly unsupported by the evidence.

When the claim litigated does not exceed $15, there is certainly no reason for holding that the appellate court should reverse the judgment upon questions of fact for reasons which would be ineffectual to reverse the judgment of the circuit court in a case involving far greater sums. This question is very fully discussed by Mr. Waite in his Practice, vol. 4, pp. 530–545, and he clearly shows that the same rule should govern upon appeals from the justice's court in reviewing questions

Campbell and others vs. Babbitts.

of fact litigated in such court, which prevails in reviewing similar questions upon appeals from the judgments of the higher courts. The same rule was established in this court under the old statute which gave a statutory *certiorari* to bring up judgments of justices for review to the circuit court. *Persons v. Burdick*, 6 Wis., 63; *Martin v. Beckwith*, 4 Wis., 219–243. In the case last cited the present chief justice says: "Now, in the case under consideration, it is not necessary, neither would it be proper, for the circuit court to go into an examination of the weight of testimony to ascertain upon which side it preponderates, and reverse the judgment because it arrives at a different conclusion from the jury upon it."

The present right to appeal from a justice's judgment when the judgment is less than $15 and no new trial is claimed by either party, takes the place of the old statutory *certiorari;* and the rule above stated is applicable, and was followed by this court in *Wheeler v. Smith*, 18 Wis., 652–656. The statute makes the return of the justice, including the evidence, a part of the record of the judgment of the circuit or county court, upon appeal from the justice's court; and in such case, upon appeal from the judgment of the circuit or county court to this court, this court looks into the return of the justice in order to determine whether the judgment of the circuit or county court is right or wrong, and renders such judgment as such court ought to have rendered upon such return. See *Hassa v. Junger*, 15 Wis., 598–600. Looking into the justice's return in the case at bar, we find that there was evidence to support the verdict of the jury and the judgment entered thereon. It is true, there was evidence on both sides; it was contradictory and conflicting; but the jury found in favor of the defendant and his witnesses, and neither the county court nor this court would be justified in reversing it on the ground that it is not supported by evidence.

The only other thing appearing in the record, and relied

upon as a ground for the reversal of the justice's judgment, is the fact that the return of the justice shows that he entered the case in his docket as above stated.   This, we think, was an immaterial matter.   The summons was in the names of all the plaintiffs; the complaint and answer were entitled with all their names.   The record, therefore, shows that all were in court.   The entry in the docket shows that there were other plaintiffs than the one named, and who they were is fully dis-.closed by the papers and proceedings in the .case.   The complaint alleges that the plaintiffs were partners; and this court held, in *Bennett v. Child*, 19 Wis., 362, that an action commenced in the name of, and judgment rendered in favor of, partners in their partnership name was not void, and if irregular the irregularity must be taken advantage of upon the trial.   The statute does not state how the title of the cause shall be entered in the docket.   It does not direct that the names of all the parties plaintiff and defendant shall be so entered at length.   We see no reason for holding that the judgment rendered is void, or so irregular as to justify its reversal, because they are not so entered, when all the papers and other proceedings in the case show who the parties are, and the title actually entered on the docket contains the name of one of the plaintiffs, with a suggestion of the other plaintiffs, which can be made good as to all by a reference to such papers and proceedings.   The error, if any, is a mere error in form, not affecting the merits of the proceedings in the justice's court, and should be disregarded by the appellate court.   If there was no judgment regularly entered against the respondents by the justice after a valid verdict against them, upon a trial in which no errors were committed to their prejudice, we are at a loss to see how they can be prejudiced by that fact.   Upon the return of the justice it is apparent that judgment ought to have been rendered, in proper form, against the plaintiffs.   If none was rendered, they certainly are not prejudiced.   If

The Phœnix Ins. Co. vs. Badger.

any of the parties to the action are injured by the want of a proper judgment, it must be the party entitled to such judgment.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded with directions to that court to affirm the judgment of the justice.