WEST, Appellant, vs. VANDEN BROOK, Respondent.

*March 27 — April 17, 1888.*

*Appeal from J. P.: Reversal of judgment on question of fact: Facts taken for granted on trial before justice.*

1. On appeal from a judgment rendered upon the verdict of a jury in justice's court, if a new trial upon the merits is waived and no error in the proceedings is shown, the judgment will not be reversed if there was evidence which, uncontradicted, would support it.

2. Where it was taken for granted on the trial in justice's court that the plaintiff's claim arose out of a certain leasing,— the defendant claiming that the action should abate because his co-lessee was not made a party, and the plaintiff relying upon the alleged fact that the defendant was a several and not a joint lessee,— a judgment that the action abate should not be reversed on appeal on the ground that there was no evidence to show that the plaintiff's claim arose out of such leasing.

APPEAL from the Circuit Court for *Outagamie* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The plaintiff commenced an action in a justice's court to recover the value of certain personal property, for the value of which the defendant was indebted to him; alleges the value of the property to be the sum of $81.12; and demands judgment for said sum, less $15.36, which is admitted to have been paid. A bill of particulars was filed by the plaintiff, showing that the demand was for farm products, labor, and team work. The defendant did not deny the claim; but answered that the supposed cause of action, if

any existed, all and singular arose out of transactions and dealings had by the defendant and one Frank Fabrick jointly as copartners, and that said Fabrick is still living in the city of Appleton, Wisconsin, where this action is now pending, and demands judgment that said action abate.

Upon these pleadings the parties proceeded to trial in the justice's court, and a jury was summoned and impaneled to try the issue in the case. After hearing the evidence, the jury returned a verdict as follows:. "We, the jury, find for the defendant that the plea in abatement made by the defendant's answer is well taken, and the liability of the defendant, if any exists, is a joint and not a several liability." Upon this verdict the justice rendered judgment that the action abate, and that the defendant recover of the plaintiff the costs of the action, which were taxed at $26.58.

From this judgment the plaintiff duly appealed to the circuit court of said county, but did not file the necessary affidavit under sec. 3768, R. S., to entitle him to a new trial in said circuit court. The justice made his return, upon the appeal, of all the proceedings in the case before him, and of the testimony produced by the parties on the trial. Afterwards the case was tried in the circuit court upon the proceedings and evidence so returned by the justice upon said appeal. Upon such last trial the circuit court affirmed the judgment of the justice, and from the judgment of the circuit court the plaintiff appealed to this court.

The cause was submitted for the appellant on briefs by *Henry D. Ryan* and *John Goodland,* and for the respondent on the brief of *H. Pierce.*

TAYLOR, J. It is insisted by the learned counsel for the appellant that there is no evidence to support the judgment rendered in the justice's court, and that it was error for the circuit court to affirm such judgment.

The plaintiff in the action having appealed from the

judgment of the justice, and having waived the right to a new trial upon the merits in the circuit court, and there being no error shown in the proceedings in the justice's court, the only question for the circuit court was to determine whether there was any evidence to support the verdict rendered by the jury on the trial in the justice's court. That there was evidence given on the part of the defendant tending strongly to show that all claims arising in favor of the plaintiff under the lease of the farm mentioned in the proceedings, was a joint claim against the defendant and Frank Fabrick, cannot well be controverted. It may be said that the preponderance of the evidence, as returned by the justice, appears to be against the claim of the defendant; but, there being evidence which, uncontradicted, supports the judgment, the question was one of fact for the jury and not of law for the court. The same rule must apply to a judgment in a justice's court when heard upon an appeal to the circuit court, and no new trial is had in that court, as is applied upon an appeal from a trial and judgment in the circuit court to this court; and when there is evidence which, uncontradicted, supports the judgment, all questions of credibility of witnesses and preponderance of proofs are for the jury, and not for the court. *Campbell v. Babbitts*, 53 Wis. 276, 279, 280; *Persons v. Burdick*, 6 Wis. 63; *Martin v. Beckwith*, 4 Wis. 219, 243; *Hassa v. Junger*, 15 Wis. 598, 600.

It is claimed, however, by the counsel for the appellants that, admitting that there was some evidence to support a finding that all matters in relation to the leasing of the farm were joint matters between the plaintiff on the one side, and the defendant and Fabrick jointly on the other side, still there is an entire absence of any evidence tending to show that the plaintiff's claim grew out of or has any connection with such leasing of the farm. From reading the evidence it appears to us that it was taken for

granted on the trial in the justice's court that the plaintiff's claim grew out of such leasing. The plaintiff himself was on the stand as a witness, and made no claim to the contrary; but, on the other hand, relied upon the alleged fact, to defeat the answer of the defendant, that the leasing of the farm was a several and not a joint contract with the defendant and Fabrick; and he also introduced Fabrick as a witness to sustain his construction of the contract. Under this state of the evidence, it appears to us that it would be unjust to permit the plaintiff to reverse the judgment upon appeal upon a question not raised or controverted before the justice. If the plaintiff thought injustice had been done by the verdict of the jury upon the facts of the case, he should have made the proper affidavit and have taken a new trial in the circuit court.

*By the Court.*— The judgment of the circuit court is affirmed.