State *v.* Grimsley.

Gerge W. Lynch, was employed by the defendant, to sell the real estate mentioned in the petition, he cannot recover."

" The jury are instructed that the plaintiff cannot recover for merely voluntary or gratuitous services rendered the defendant, although such services may have been a benefit to defendant."

*McMartin,* for appellant.

*B. A. Hill,* for respondent.

————•◦•————

19 171
91a 169

THE STATE, Plaintiff in Error, *vs.* GRIMSLEY, Defendant in Error.

1. In a declaration upon a collector's bond, the breach assigned was, that the defendant collected a specified amount which he failed to pay over. The plea was, that defendant collected the amount named in the breach, and paid the same over, and that this was all the money collected by him. The replication denied that this was all the money collected by the defendant. *Held,* the replication was bad for departure, and as tendering an immaterial issue.

2. A count in a declaration upon a collector's bond which fails to show that the money which he failed to pay over was collected during his *term. of office* is bad.

*Error to St. Louis Court of Common Pleas.*

*T. Polk*, for plaintiff in error.

*E. & B. Bates*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

At the November term, 1843, of the St. Louis Circuit Court, the State commenced suit against Jacob R. Stine, Thornton Grimsley and Benjamin W. Ayers, by filing her declaration in debt on the collector's bond of said Stine, Grimsley and Ayers, the two last being his (Stine's) securities. The declaration contains three counts. In the first count, the plaintiff complains of the defendants of a plea that they render unto the said plaintiff the sum of seventy-five thousand dollars, which they owe to and unjustly detain from plaintiff. This count avers that the county court of St. Louis county, on the 20th day of March, 1839, appointed said Jacob R. Stine collector of the revenue for the county of St. Louis, in the state of Missouri, for the year 1839; that, on said 20th day of March, 1839, the said Jacob R. Stine, as principal, Thornton Grimsley, Hugh O'Neil, (since deceased) and Benjamin W. Ayers, as his sureties, executed their certain writing obligatory, by which they acknowledged themselves to be indebted to the plaintiff in the sum of $35,000, conditioned that said Jacob R. Stine should truly and faithfully discharge the duties of his office, as collector, according to law, and duly collect and pay over the moneys assessed upon said county, then the obligation to be void. The plaintiff then assigns the breaches, that the said Stine entered upon and undertook to discharge the duties of said office of collector of the revenue for the county of St. Louis, in the state of Missouri, but did not truly and faithfully discharge the duties of his said office of collector according to law; nor did he duly pay over all the moneys assessed upon said county by him collected, but on the contrary, during his said term of office, and while he was acting as such, to-wit, on the third day

of December, 1839, the said Jacob R. Stine had collected a large sum of money, to-wit, the sum of nineteen thousand four hundred and seventy-eight dollars and four cents, which, although often requested, he refused to pay, or any part thereof, by means whereof, an action hath accrued to the plaintiff to have and demand the sum of $25,000, part of the above sum of $75,000.

The second count is similar to the first, except that the plaintiff makes the year, the term of office, begin from the date of the bond, that is, the 20th of March, 1839, and avers that on the 19th of March, 1840, he collected $26,903 79; the money remains in his hands unpaid; he refused to pay it over or any person for him. The bond is for $25,000.

The third count avers that the bond was executed on the 20th March, 1839; that Stine was appointed collector for 1839, to begin on the 20th March, and that on the 1st of July, 1840, he collected $28,441 35, which remains in his hands, and which he failed to pay over. The bond was for $25,000.

The defendants craved oyer of the bonds mentioned in said counts, and it is given, and the bond in each count is the same bond, there being but one bond, which said bond is as follows:

" Know all men by these presents, that I, Jacob R. Stine, as principal, and we, Thornton Grimsley, Hugh O'Neil and Benjamin W. Ayers, as securities, acknowledge ourselves to be indebted to the state of Missouri in the just and full sum of $25,000, good and lawful money of the United States, for which sum, well and truly to be paid, we bind ourselves, our heirs, executors and our administrators jointly, severally, firmly by these presents; sealed with our seals and dated at the county of St. Louis, in the state aforesaid, this twentieth day of March, in the year of our Lord 1839. The condition of the above obligation is such, that whereas, the said Jacob R. Stine has been appointed collector of the revenue for the county of St. Louis, in the state of Missouri, for the year 1839, by the county court of said county of St. Louis: Now, if the said Jacob R. Stine shall truly and faithfully discharge the duties

of his office as collector, according to law, and duly collect and pay over all moneys assessed upon said county, then this obligation to be void, else to remain in full force and virtue.

"Jacob R. Stine, (seal.)
"Thornton Grimsley, (seal.)
"Hugh O'Neil, (seal.)
"B. W. Ayers. (seal.)

"Approved of in open court, this 20th day of March, 1839.

"Joseph LeBlond, J. C. C.
"H. Walton, J. C. C.
"M. P. Leduc, J. C. C."

The defendants then filed seven pleas to the plaintiff's declaration.

The first plea is to the whole declaration, and alleges that Stine was appointed collector of the revenue of St. Louis county, in the state of Missouri, by the county court, on the 19th of March, 1839, for the year 1839, and that, on the 20th of March, the day of the appointment, he executed the bond in the several counts in the declaration mentioned, which is set out above, as and for his official bond, and the other defendants, as his securities; that immediately thereafter he entered upon his duties, and continued in the discharge of his duties during the whole of the year 1839, and during all that time, he, as said collector, did truly and faithfully discharge all the duties of his said office of collector, according to law, and this, &c.

To this plea, the plaintiff filed her demurrer, and the court sustained the demurrer.

The second plea is to the first count of the declaration, and alleges that Stine received the sum stated in the breach, $19,478 04, and paid the same into the state treasury on the 3d of December, 1839, which was all the money collected by him during the continuance of his office. To this plea plaintiff filed two replications. The first replication avers that $19,478 04 was not all the money collected by Stine during his continuance in office; the second replication avers that he did not pay into the state treasury the said sum of $19,478 04.

On this last replication, there was issue taken by the defendants, which, on trial, was found for the defendants. The defendants filed their demurrer to the first replication, which was sustained.

The defendants' third plea is to the second count of the plaintiff's declaration, and alleges that Stine did pay over all the money assessed and collected for the revenue of St. Louis county for the year 1839, amounting to the sum of $26,703 79. To this plea the plaintiff demurred, and the court sustained the demurrer.

The defendants' fourth plea is to the second count, and avers that Stine was not at any time appointed collector for the year commencing the 20th of March, 1839. The plaintiff demurred to this plea ; the demurrer was overruled ; a *similiter* was added. This issue was found for the defendants.

The defendants' fifth plea is to the third count of the plaintiff's declaration, and avers that the defendant, Stine, did pay over all moneys assessed and collected for the county of St. Louis, amounting to $28,441 35. To this plea the plaintiff filed a demurrer, which was sustained by the court.

The defendants' sixth plea is to the third count, and avers that Stine was not appointed collector for the year commencing on the 20th day of March, 1839. To this there was a demurrer by plaintiff, which being overruled, issue was joined, and this issue was found for the defendants.

The seventh plea is to the whole declaration, and avers that, although Stine was collector, and collected money assessed upon the county of St. Louis, amounting to $21,087 30, that he paid over the same to the state treasury, and did pay over all the money collected and payable to the plaintiff, being $21,087 30. To this plea the plaintiff demurred, which demurrer was overruled. The plaintiff then filed two replications to this plea : 1st, that Stine did not pay over all moneys collected and payable to the plaintiff. On this replication issue was joined, and this issue was found for the defendants. The second replication avers that $21,087 30 was not all the money

collected and payable by Stine to the plaintiff. To this last replication the defendants demurred, and the court sustained the demurrer.

The deaths of Stine and of Ayers were suggested, and the suits abated as to them. The venue was changed, by order of the Circuit Court, to the Court of Common Pleas, the judge of said Circuit Court being interested in the matter in controversy. The issues were found for the defendants by the court without a jury. The plaintiff brings the case here by writ of error.

1. The only points then, requiring the consideration of this court, rest upon the pleadings. The Court of Common Pleas decided for the plaintiffs upon all the demurrers, except two. The first one of these is the demurrer to the plaintiff's first replication to the defendants' second plea, being the plea to the first count of the declaration, and the other is the demurrer to the plaintiff's second replication to defendants' seventh plea. The two replications of the plaintiff and the demurrers thereto, and the action of the court in sustaining these demurrers, are the only points presented by plaintiff in error upon which a reversal is asked, there being no bill of exceptions, no evidence preserved, and no instructions asked. These replications, then, present the only matter for our consideration.

The plaintiff assigns the breach in the first count, by alleging that the defendant, Stine, collected of the revenue, the sum of $19,478 04, which, on the 3d of December, 1839, was in his hands, and which he failed and refused to pay over to the plaintiff. The second plea alleges that Stine did receive the sum stated in the breach, $19,478 04, and paid the same into the state treasury on the 3d of December, 1839, which was all the money collected by said Stine during the continuance of his office. The first replication, which was demurred to, simply denies that the sum of $19,478 04 was all the money collected by Stine during his continuance in office. The second replication denied his paying into the treasury the said sum of .$19,478 04. Now the sum mentioned in this plea is the same

as the one mentioned in the breach, and the replication of the plaintiff is a departure in pleading, and is, therefore, bad. Again, it is not sufficient to aver that the sum alleged in the plea, which was averred to be the whole amount collected by the defendant and paid over to the plaintiff, was " not the whole amount," or " was not all," and there stop. The plaintiff should have gone further, and stated what the whole amount was. The replication was a departure, and it also tendered an immaterial issue. If the plaintiff had filled up his replication by averring, after stating that the sum in the plea " was not all," what the amount really was, it would then have appeared most manifest, had the amount differed from the amount claimed in the breach of the first count, that there was a departure. To avoid this, the plaintiff stopped short, and rendered his replication fatally defective. Departure, in pleading, is when a man quits or departs from his case, which he has first made, and has recourse to another, or when the replication or rejoinder contains matter not pursuant to the declaration or plea, and which does not support and fortify it. The first count here goes for a certain sum, which the defendant, Stine, was charged with having collected, and with having failed and refused to pay over to the plaintiff. The defendant admits that he collected that sum, which was all that he collected during his continuance in office, and that he paid it over. The plaintiff says " it was not all." Why then did the plaintiff allege such a breach? The replication is fatally defective, and the plea is good, and being found on issue for the defendant, is a bar to the first count.

The same may be said of the replication to the seventh plea. This plea is to the whole declaration; it avers that, although Stine was collector, and collected money assessed upon the county amounting to $21,087 30, he paid over that sum into the state treasury, and did pay over all the money collected and payable to the plaintiff, being the sum of $21,087 30.

The plaintiff replied by two replications: 1st, that Stine did not pay over all the moneys collected and payable to the plain-

tiff. Upon this, issue was joined and found for the defendant. This is a bar to the action. The second replication avers, that $21,087 30 was not all the money collected and payable by said Stine. This replication is not sufficient; it obviously tenders an immaterial issue : if the defendant collected and paid over all the money payable to the plaintiff, that fact is a complete bar to the action, and the second replication was wholly useless ; it, at all events, tendered an issue immaterial.

2. In our view of this case, the third count of the declaration is bad. The collector was appointed for the year 1839. Now suppose, for argument's sake, he was appointed from the 20th of March, 1839, to the 20th March, 1840. This declaration—this suit was pending against the securities ; indeed, it finally became narrowed down to one defendant, and he, alone, security. This court held, in the case of *Moss et al.* v. *The State of Missouri*, 10 Mo. Rep. 338, that the securities of an officer appointed for a limited time, are only liable for his official acts during the term for which he was appointed. Now this third count charges that he had collected money, and that he had remaining in his hands $28,441 35, and that he failed to pay over the same on the 1st July, 1840. Now it does not appear but that he had collected, after the 20th of March, 1840. The count is not good, and the demurrer, cutting back beyond the second replication to the seventh plea of the defendant, reaches this count and cuts it off.

Upon the whole record, then, as presented to this court, the plaintiff has, by her manner of pleading, no grounds of complaint. The main issues of fact have been found against her, without any complaint on her part. These replications present matters of little or no weight in the case, and the judgment of the Court of Common Pleas is, with the concurrence of Judge Scott, affirmed. Judge Gamble, having been of counsel in the court below, did not sit in the cause.