JASON SMITH, Appellant, *vs.* LYDIA FUNK and C. B. FUNK, Respondents.

1. *Tax deed—Failure of deed to recite manner of notice, effect of.*—A tax deed which merely recites that "due notice" was given of the sale, without reciting the manner of the notice, is absolutely void and will pass no title.

2. *Deed, quit-claim—Purchase money—Note for, procured by fraud—Defenses.*—Where one is induced, by fraudulent representations, to accept a quit-claim deed of certain land, such fraud will constitute a good defense to a suit on a promissory note given for the purchase money.

3. *Practice, civil—Non-production of evidence caused by an intimation from the court.*—It is no sufficient reason for the non-introduction of testimony, that in the progress of the trial the court gave an intimation to the party in default, that the ultimate decision might be in his favor.

*Appeal from Clinton Circuit Court.*

*E. H. Norton & S. H. Corn*, for Appellant.

*Thomas E. Turner & J. E. Merryman*, for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note. The defendants set up as a defense, that the note was given for a forty acre tract of land, which the plaintiff sold to the defendant, Lydia Funk, and for which he made a quit-claim deed; that the plaintiff fraudulently represented that he had a good title to the land, when he had none, and fraudulently misrepresented the quality of the land, representing that it was well timbered when it was not, and that she purchased the land for the timber, etc. These allegations of fraud, etc., were denied by a replication.

The case was submitted to the court for trial. The defendants gave evidence tending to prove the allegations of the answer, and on the trial filed a quit-claim deed for plaintiff, conveying the land back to him from the defendant, Lydia Funk.

The plaintiff, to show title in himself, produced a tax deed to his grantor executed in pursuance of a tax sale made in 1846, in which it is recited that due notice was given of the sale, but the manner of the notice is not recited. The plain-

tiff also introduced one witness to contradict the witnesses on defendant's part and closed his case. The court found for defendants and gave judgment accordingly.

The plaintiff filed a motion for a new trial, and an affidavit in support of the motion, to the effect that when the defendants closed their evidence, the judge of the court intimated that his opinion was against the defendants; and the plaintiff only introduced one witness in consequence of such intimation; and that he was taken by surprise, afterwards, to find that the judge had changed his mind after taking the case under advisement until the next term. The motion was overruled, and the plaintiff appealed to this court. I see nothing in this case which will justify a reversal. The defense was sufficient to justify the court in its finding and decree. The plaintiff failed to prove any title in himself. The tax deed under which he claimed was absolutely void, inasmuch as it did not contain the necessary recitals. (Sperlock vs. Allen, 49 Mo., 178; Abbott vs. Doling, 49 Mo., 302; Large vs. Fisher, 49 Mo., 307.)

Where there is no fraud, and a party accepts a quit-claim deed, he is without remedy. But in this case the defendant was induced by the fraudulent representations of the plaintiff to accept the deed, and did so, under the belief that the plaintiff had a good title. She was not bound to accept the plaintiff's warranty of title afterwards.

The plaintiff put in all his evidence in regard to the title, and, therefore, there could be no good reason to open the case on the other points. Besides, the judge did not refuse to hear evidence, and the plaintiff had no right to stop his proof on a bare intimation that the ultimate decision might be in his favor.

On the whole record I think the judgment was for the right party. Judgment affirmed; Judge Sherwood absent; the other judges concur.