CHARLES P. WONDERLY, Respondent, v. ELIZA P. CHRISTIAN, Executrix of the Estate of JOHN R. CHRISTIAN, Deceased, Appellant.

**St. Louis Court of Appeals, December 17, 1901.**

1. **Stated Account: WHAT IT IS.** The circumstance of a stated account being signed with exception to errors makes no difference, that being always implied in the settlement of an account.

2. ———: ———: MEANING OF LETTERS "E. and O. E." IN ACCOUNT. The letters "E. and O. E." in an account are shown to means, errors and omissions excepted, and although contained in an account do not the less constitute a stated account.

3. ———: ———: ACCOUNT STATED. In the case at bar, the account stated is prima facie correct and is conclusive as between the parties unless some fraud, mistake or omission is shown.

4. ———: ———: ———: PLEADING: ISSUE: ANSWER: REPLY. And the issue raised by the answer and reply as to the stated account was settlement or no settlement, and the respondent could not at the same time, with the same breath, and by the same plea, or by his evidence deny the settlement and surcharge and falsify it.

5. ——: ——: ——: SETTLEMENT. In the case at bar, the settlement was, under the issue as made by the pleadings, a complete bar to respondent's recovery on his petition, for the reason that all the matters and things for which he seeks to recover were embraced in and are concluded by the settlement.

6. ——: ——: PLEADING AND PRACTICE. In the case at bar, to have admitted the stated account and then seek to get rid of its effects by surcharging and falsifying it on account of errors and omissions would be a departure from the scope and nature of the petition, and would convert the action from a declaration on an open account to a bill in equity- to open up and restate a stated account on account of mistakes, errors and omissions; that this can not be done is the well-settled law of Missouri.

7. ——: ——: ONE CAN NOT RECOVER ON CAUSE OF ACTION NOT STATED IN THE PETITION. In the case at bar, respondent made no effort to prove the allegations of his petition but was, over the objection of the appellant, permitted to offer evidence' tending to prove mistakes, errors, and overcharges in the stated account and the jury was instructed on this theory of the case, and rendered a verdict on the evidence of respondent, and thereupon the respondent was permitted to recover on a cause of action not stated in his petition and nowhere stated in any of the pleadings.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

REVERSED.

STATEMENT OF THE CASE.

This suit was brought to the October term, 1900, of the St. Louis City Circuit Court against John R. Christian, who, on June 18, 1901, died. Afterwards the cause was revived against his executrix, Eliza P. Christian.

The petition, omitting caption, is as follows:

"That on June 15, 1895, in the case of the Mississippi Valley Trust Company, administrator of A. K. Florida, plaintiff, v. John R. Christian and Charles P. Wonderly, defendants, in the circuit court of the city of St. Lous, said John R. Christian was appointed receiver of all the property of one

A. K. Florida which came to this plaintiff and defendant by reason of a certain agreement theretofore entered into between them and said Florida; that, as such receiver, said Christian had, at date of July 6, 1896, collected and converted into cash all of the assets of said estate except a claim for $1,300 against Flannagan and McNair; that after said receiver had discharged certain claims (therein named) against said estate, there remained in his hands to be accounted for the sum of $49,819.79; that of said amount $10,357.16 was due to John R. Christian and $7,011.77 to plaintiff, and the balance, $32,450.86, was due Christian and Wonderly, one-half each—making the whole amount due Wonderly, at the date last aforesaid, $23,237.20; that on July 6, 1896, said receiver was, by order of court, discharged; that defendant is still indebted to plaintiff on account of the moneys of plaintiff so had and received in the sum of $3,076.61 for which amount, with interest and cost, plaintiff asks judgment."

The answer of defendant contained:

"First, a general denial; second, a plea in bar, to wit: that on the twenty-third day of June, 1896, plaintiff and defendant had made a full and final settlement of the claim set forth in said count, which had been reduced to writing and signed by plaintiff and defendant, and a duplicate copy of which was attached to the answer, made a part thereof, and marked 'Exhibit A;' that by said settlement it was ascertained that the balance due from defendant to plaintiff was $1,085.85, and which balance defendant then and there at the time of said settlement paid to plaintiff; third, a counterclaim for $690.70."

To defendant's answer, plaintiff filed a reply in words and figures as follows:

"Plaintiff, in reply to new matter in defendant's answer contained, denies each and every averment thereof, except that plaintiff admits that on the twenty-third of June, 1896, defendant gave plaintiff his note at sixty days for $1,085.85

which is the amount mentioned in said answer as having been paid by defendant to plaintiff. But replying to said new matter, more fully and specifically, plaintiff avers that about the time mentioned, June 23, 1896, defendant presented to plaintiff the statement, a copy of which is marked 'Exhibit A,' to defendant's answer, but that the same was not agreed to, nor was it accepted as correct, but on the contrary received subject to errors and omissions; as was fully understood between plaintiff and defendant, and agreed not to be binding but subject to be corrected, and so it was expressed on the face of said statement by the abbreviations 'E. and O. E.' then indorsed on said paper, which abbreviation, as is well understood in mercantile and business usage, means 'errors and omissions excepted.' That in said paper plaintiff was charged with costs estimated at $400, being the court costs in the suit of the Mississippi Valley Trust Company, administrator of A. K. Florida, plaintiff, v. John R. Christian et al., No. 93339, room 1, when in truth and fact the costs amounted to the sum of $73.65 and no more. And that that was the amount which said defendant paid to the clerk of this court for said costs.

"And that there was a further error of $10 in the footings of said account. That instead of $1,085.85 it should have been $1,095.85.

"And further, that in and by said paper, said Christian had deducted from the amount that he had collected as receiver, five per cent for receiver's commission, amounting to $3,276.88, which charge was illegal and erroneous, because in the said case aforesaid John R. Christian had been appointed receiver under the order of the court, wherein it was ordered that said Christian should not be allowed any compensation as receiver, nor should he be allowed any sum whatever as counsel fees as such receiver; nor should any deduction be made from the gross amounts collected by him for services rendered by him or by any person making said collections.

Vol 91 app—11

"Plaintiff further avers that there was a balance in the hands of defendant belonging to himself and plaintiff, as in plaintiff's amended petition set forth, and defendant was, and still is, indebted to plaintiff for and on account thereof in the sum of $3,076.61, and for which judgment is asked in said amended petition."

To the reply appellant filed the following motion:

"First, that the new matter alleged in said reply is inconsistent with the amended petition; and, second, that said reply set up another and a different cause of action from that set forth in the petition. The court having overruled this motion, defendant duly excepted, and caused the action of the court in overruling said motion to be made a part of the record herein by a term bill of exceptions," which was by the court overruled.

It appears from the evidence that Wonderly and Christian, by a dealing they made with A. K. Florida in his lifetime, became the joint owners of a large amount of his assets. After Florida's death, letters of administration on his estate were granted to the Mississippi Valley Trust Company, who as administrator instituted suit against Christian and Wonderly in the St. Louis City Circuit Court to recover assets in their hands alleged to belong to Florida's estate, or to have certain claims against the estate paid out of these assets. The circuit court appointed Christian receiver of the assets who, as such, paid certain preferential claims against Florida's estate under orders of the circuit court and made a final settlement of his receivership and was discharged therefrom by an order of the circuit court.

Over the objection of appellant's counsel Wonderly testified in substance (in respect to the settlement pleaded in the answer) that Christian came to him with the settlement and asked him to sign it; that he objected to signing it because of a charge of three thousand two hundred and seventy-six dollars and eighty-eight cents commission charged by Christian as receiver, and to the cost item of four hundred dollars, as it was

only an estimate of the amount of costs; that Christian insisted on his signing the settlement so that he could make his settlement with the court as receiver, stating that he could not make the settlement in court unless this settlement was signed, and said if there were any errors or omissions they could settle that afterwards, and that he would make it all right and told him to mark the settlement "E. and O. E." to indicate that it was held open for correction; that with this understanding he marked the settlement with the letters "E. and O. E." and signed it.

F. A. Wind, witness for respondent, testified over the objection of appellant's counsel, that Christian had several conversations with him about making a settlement with Wonderly and said he had had difficulty in getting Wonderly to settle on the terms he wished; that after the settlement was made and signed, Christian told him that he had settled with Wonderly but had had trouble in getting him to sign it and that he, Christian, had told Wonderly they could at any time that there was anything wrong about it, make it right and directed him (Wonderly) to put "E. and O. E." on the settlement, which meant if there was any error about it or anything left out we could bring it in.

The order of the circuit court appointing Christian receiver provided that he should not be allowed any commission or any counsel fees or other charges for his services as receiver. The evidence of Christian (by a deposition taken in his lifetime) tends to prove a part of his offset in respect to the settlement. His evidence is that he made the charge of three thousand two hundred and seventy-six dollars and eighty-eight cents against Christian and Wonderly for the work he had done as receiver in protecting their interests and the assets they had received from Florida; that Wonderly said when they were making the settlement that he (Christian) was under the order of the circuit court to do the work for nothing and that he replied, "I am doing it for nothing, so far as the Florida

estate is concerned; I have no right to charge it, but Judge KLEIN has no right to say I shall not charge you." He (Wonderly) said, "We are partners." I said, "You could not have made the arrangements." As to the four-hundred-dollar item of cost that was estimated, Christian said he had paid four hundred and sixty dollars and over as costs in the suit, including stenographer's fees.

It was admitted that there was an error of ten dollars in the footings of the statement of the account. No other items of the account were in dispute. The stated account is as follows:

"STATEMENT OF JOHN R. CHRISTIAN.

| | | |
|---|---:|---:|
| Total amount collected and accounted for ..................... | | $65,537.75 |
| Actual amount paid Boatman's Bank. | $ 8,000.00 | |
| Christian & Wonderly ............ | 11,506.86 | |
| John R. Christian .............. | 10,369.12 | |
| C. P. Wonderly ................ | 6,911.77 | |
| Henry Seiter ................. | 2,750.00 | |
| S. N. Holliday ................ | 100.00 | |
| Cost estimated ............... | 400.00 | |
| E. T. Allen .................. | 850.00 | |
| Judgment ................... | 3,000.00 | |
| | $33,887.75 | |
| Balance ..................... | | 31,650.00 |
| Receiver's commission, 5 per cent.......... | | 3,276.88 |
| | | $28,373.12 |
| Assets on hand, cash— | | |
| Judgment ...................$10,000.00 | | |
| Stock .................... | 200.00 | |
| Claim against F. & McN........ | 981.41 | $11,181.41 |
| | | 17,191.71 |

Wonderly v. Christian.

| | |
|---|---:|
| One-half of $17,191.71 equals............... | 8,585.85 |
| Cash paid Wonderly ....................... | 7,500.00 |
| | $1,085.85 |

Assets on hand, actual value—

| | | |
|---|---:|---:|
| Judgment ........ ..........:.$11,601.73 | | |
| Stock .......... ............. | 200.00 | |
| Claim against F. & McN....... | 1,300.00 | |
| | $13,101.73 | |
| One-half of $13,101.73 equals... $6,550.87 | | 6,550.87 |
| | | $7,636.72 |

"On a settlement made this day between John R. Christian and Charles P. Wonderly, in the matter of the estate of A. K. Florida, it is found that there is due the said Wonderly $1,085.85. That the following assets, to-wit: Judgment against the Connecticut Life Insurance Company, Center Creek mining stock, and claim against Flanagan & McNair is held and owned by them jointly; that they are to pay the attorney's fee of Christian & Wind and Lehman, each one-half of whatever amount may be agreed upon.

"JOHN R. CHRISTIAN,
"CHARLES P. WONDERLY.
"June 23, 1896.   E. & O."

The jury returned a verdict for two hundred and sixteen dollars and ninety cents in favor of the plaintiff. After an unsuccessful motion for a new trial defendant appealed.

*John M. Wood* for appellant.

(1) The court should have sustained defendant's motion to strike out plaintiff's reply to defendant's answer. The peti-

tion was an action at law for moneys had and received by Christian while acting as receiver of the estate of A. K. Florida. The reply was in the nature of a bill in equity to surcharge and falsify the written contract of settlement entered into between Christian & Wonderly on June 23, 1896, and hence was a departure, and stated a different cause of action from that set forth in the petition. Plaintiff could not amend his petition by his reply. McMahill v. Jenkins, 69 Mo. App. 280; Magruder v. Admire, 4 Mo. App. 135; Hill v. Coal Co., 119 Mo. 9. (2) Neither the petition nor reply charged fraud or stated any recognized ground for setting aside or reforming a contract of settlement. "A settlement can be attacked only on the ground of fraud or mistake of fact." Kronenberger v. Binz, 56 Mo. 121; Marmon v. Waller, 53 Mo. App. 610. (3) A fair compromise will be sustained by the courts notwithstanding errors of law or mistakes of facts of which the party complaining could by reasonable diligence have informed himself. Smith v. Paris, 53 Mo. 274; Mateer v. Ry. Co., 105 Mo. 320.

*E. T. Farish* for respondent.

In the settlement which Christian made with the court, it appeared that there were certain parties who had preferential claims, and those claims had been discharged. And, as to the balance, Christian & Wonderly were entitled to that, whatever it might be, and whatever it might consist of. So that these preferential claims, having to be paid in any event, and there being on hand abundant to pay the same, the question of receiver's commission was not a matter in which said preferential claimants had any interest, but the parties who alone were interested in that matter were Christian & Wonderly, and particularly Wonderly; because, if Christian was allowed compensation as receiver, then the amount that would be coming to Wonderly would be reduced just the amount that Christian so claimed and kept for commission. So that this matter of

receiver's commission or compensation, and the provision that he should not be allowed any sum whatever as indicated supra was a restriction that referred and could refer to no other rights than Wonderly's, for he alone being with Christian entitled to the residuum of the Florida assets, after the preferential claims were paid as aforesaid, was the only person that could be affected by a claim for receiver's commission, as it would come out of the residuum of the assets.

BLAND, P. J.—The trial court did not err in overruling the defendant's motion to strike out the whole of the reply. The reply did not admit that there had been an account stated and agreed on by respondent and Christian, and seek to avoid its effect by charging errors or omissions. On the contrary, it alleges that no such agreement had been made. This was a specific denial of the facts alleged in the answer as a bar to respondent's cause of action. Following this denial there was a statement in the reply admitting that Christian had presented to respondent the settlement sheet read in evidence, and then proceeded to allege and point out objections and errors in said settlement sheet. This portion of the reply might have very properly been stricken out had an appropriate motion been filed for that purpose. In this state of the pleadings it was incumbent on the respondent, to entitle him to recover, to prove his account, or some part thereof, as alleged in his petition, and, after the introduction of the settlement in evidence signed by himself and Christian, it devolved on him to show by proper evidence that there was in fact no stated account between himself and Christian. To meet this requirement he relied on the initial letters "E. and O. E." written on the margin of the settlement and explained them to mean errors and omissions excepted.

In Young v. Hill, 67 N. Y. l. c. 176, the court said: "A stipulation that the settlement of the account was subject to the correction of errors and omissions which may be hereafter

found therein does not render it any the less a settled account and subject to all the rules applicable to a stated account." In Johnson v. Curtis, 3 Bro. C. C. 266, Lord Chancellor THUR-LOW said: "The circumstance of its (a stated account) being signed with exception to errors, made no difference; that being always implied in the settlement of an account." And in Kent v. Highleyman, 28 Mo. App. l. c. 619, this court, on the authority of the above cases, held that the letters "E. and O. E.," shown to mean errors and omissions excepted, did not the less constitute a stated account.

The respondent, therefore, failed to meet and overturn the plea in bar to his cause of action. The account stated is prima facie correct and is conclusive as between the parties unless some fraud, mistake or omission is shown. Respondent undertook to meet this requirement by his evidence. The contention of appellant is that, under the pleadings, respondent could not show that there were any errors or omissions in the stated account. The issue raised by the answer and reply as to the stated account was settlement or no settlement, and respondent could not at the same time, with the same breath, and by the same plea, or by his evidence, deny the settlement and surcharge and falsify it, which he was permitted to do on the trial. The settlement was, under the issues as made by the pleadings, a complete bar to respondent's recovery on his petition, for the reason that all the matters and things for which he seeks to recover were embraced in and are concluded by the settlement.

In Courtney v. Blackwell, 150 Mo. 245, it was held that a plaintiff might, by a reply, attack for fraud a receipt and settlement that had been pleaded in bar by the defendant to her action, and no doubt this is the law in this State. In the case at bar, to have admitted the stated account and then sought to get rid of its effect by surcharging and falsifying it on account of errors and omissions, would be a departure from the scope and nature of the petition and would convert the action from a

declaration on an open account to a bill in equity to open up and restate a stated account on account of mistakes, errors and omissions. That this can not be done is well settled law. State v. Grimsley, 19 Mo. 171; Mortland v. Holton et al., 44 Mo. 58; Hill v. Rich Hill Coal Mining Co., 119 Mo. 1. c. 30; Stepp v. Livingston, 72 Mo. App. 1. c. 179.

On the trial, respondent made no effort to prove the allegations of his petition but was, over the objection of the appellant, permitted to offer evidence tending to prove mistakes, errors and overcharges in the stated account and the jury was instructed on this theory of the case and rendered a verdict on the evidence of respondent. Hence, it clearly appears that respondent was permitted to recover on a cause of action not stated in his petition and no where stated in any of the pleadings. For this error the judgment will be reversed but not remanded, for the reason respondent's right of action, if any he has, is in equity to open up and to have restated the settlement on account of mistakes, errors, omissions or fraud. Mc-Keen v. Bank, 74 Mo. App. 1. c. 291, and citations.

The judgment is reversed. Judges *Goode* and *Barclay* concur.