Worden v. Houston.

---

JOHN L. WORDEN, Respondent, v. F. HOUSTON, Appellant.

Kansas City Court of Appeals, February 10, 1902.

1. **Bills and Notes:** ACCORD AND SATISFACTION: EVIDENCE: ACTION. The holder and maker of a note, differing as to the liability, had a conference in relation thereto, and the maker offered to pay and did pay a certain sum and agreed to pay a certain further sum within a given time. *Held,* this was sufficient to justify the inference of acceptance of the offer and the plaintiff's action must be on the new promise and not on the original note.

2. **Accord and Satisfaction:** CONCLUSION OF FACTS. The trial court made a finding of facts and on review it is held that said finding did hold that the transaction between the parties amounted to an accord and satisfaction.

ON MOTION FOR REHEARING.

3. On motion for rehearing the original opinion is adhered to in an additional opinion.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED.

*E. Wright Taylor* for appellant.

(1) The nature and requisites of accord and satisfaction are defined by Judge SMITH in Swofford Bros. Dry Goods Company v. Goss, 65 Mo. App. 55 and cases cited: Dalrymple v. Craig, 70 Mo. App. 149; Marshall v. Larkin, 82 Mo. App. 635. (2) Plaintiff failed to prove his case. He should have introduced his note in evidence. The admissions in the answer do not relieve him. Hart v. Harrison Wire Company, 91 Mo. 422; Smith v. Mohr, 64 Mo. App. 43. (3) The burden of proof remained on respondent throughout. Marshall v. McKelvy, 55 Mo. App. 243, and cases cited; Robertson v. Railway, 152 Mo. 391; Johnston v. Realty Company, 62 Mo. App. 161; Jones v. Burden, 56 Mo. App. 199.

*Leach, Day & Sparks* for respondent.

(1) A mere accord without satisfaction is no bar to an action on the original obligation. Goff v. Mulholland, 28 Mo. 397; Peterson v. Wheeler, 45 Mo. 369; Giboney v. Insurance, 48 Mo. App. 185; Barton v. Hunter, 59 Mo. App. 610; Swofford v. Goss, 65 Mo. App. 55. (2) But if the new promise and not the performance thereof is accepted in

satisfaction of the demand, and such new promise is based on a sufficient consideration, it will operate as an accord and satisfaction, though the new promise is not performed. 1 Encyclopedia of Law & Procedure, pp. 336, 337, and authorities there cited. (3) In such case, however, the intention of the creditor to accept such new promise in satisfaction of his demand must be clearly shown. Lippold v. Held, 58 Mo. 213; Curtis v. Browne, 63 Mo. App. 431. (4) Accord and part performance do not constitute a satisfaction. 1 Encyclopedia of Law & Procedure, p. 315, and authorities there cited. 1 Am. & Eng. Encyclopedia of Law (1 Ed.), p. 94, and authorities cited. (5) Special findings of fact by the trial court, with evidence tending to support them, are incontrovertible in the appellate court. Lumber Co. v. Mining Co., 78 Mo. App. 676; Butler County v. Bank, 143 Mo. 13.

SMITH, P. J.—This is an action which was brought on a promissory note. The answer pleaded as a defense, accord and satisfaction. There was trial to the court without the intervention of a jury.

At the conclusion of all the evidence the court made a special finding of facts supplemented with its conclusions of law, as follows: "That the note sued upon was made by the defendant to R. M. Sleek, in renewal of a former note for three hundred and ninety-three dollars, and the accrued interest thereon; that the defendant claimed that the whole or part of said note was illegal and void for the reason that it was given for unlawful and usurious interest; that after the maturity thereof witness George W. Day became the owner and holder thereof by purchase from said Sleek with the knowledge that the defendant disputed the validity and legality thereof in whole or in part; that witness Day also became the owner and holder of the notes referred to in the testimony as the Cash notes; that witness Day collected various install-

ments on both notes until on or about the first of November, 1899, and that during said time defendant Houston had protested and contended that he did not owe all the notes sued upon, and that the same was illegal and void in whole or in part because given as contended by him, for usurious interest; that prior to November 1, 1899, the said Day, and the defendant had a talk about a settlement in full discharge and satisfaction of all of said notes, including the one sued upon, and that on November 1, 1899, the said Day being then and there the owner and holder of the note sued upon, and also of the Cash notes met the defendant and together they computed the total amount together with interest then due on said notes according to the face thereof, and that the said amount was eight hundred and three dollars and ninety-five cents; that thereupon the defendant by way of accord and satisfaction and for the purpose of fully paying and satisfying all of said notes, (1) offered to the said Day the sum of six hundred dollars in cash, which offer was then and there by the said Day refused; (2) that thereupon the said Day offered to the defendant, by way of accord and satisfaction, in full payment and satisfaction of all of said notes, to accept the sum of seven hundred and three dollars and ninety-five cents, which offer was refused by the defendant; (3) *that thereupon the defendant offered to make the said Day a cash payment, five hundred and seventy-eight dollars and sixty cents and the promise to pay the further sum of one hundred and twenty-six dollars in thirty days; that thereupon the defendant paid to the said Day the sum of five hundred and seventy-eight dollars and sixty cents and promised to pay him the further sum of one hundred and twenty-six dollars in fifteen days."*

The court thereupon declared as a matter of law that under the pleadings and evidence its "finding and judgment must be for the plaintiff."

After an unsuccessful motion for a new trial, judgment was given for plaintiff and defendant appealed.

We do not think the conclusion of law deduced by the court from its findings of facts can be sustained. It is seen from the *words* thereof, which we have italicised, that the defendant, by way of accord and satisfaction, made the said Day a cash payment of $578.60 and the promise to pay the further sum of $126 in thirty days, and that thereupon the defendant paid the said Day the larger sum and promised to pay the less. It is clear that if the defendant, by way of accord and satisfaction, offered to make said cash payment and a promise to pay a further sum at a certain time, and he immediately thereafter did make such payment and promise as the court found the fact to be, then this amounted to an acceptance, or was sufficient to justify the inference of that fact.

To the suggestion that the special finding of facts does not show the court found that the defendant's offer just referred to was made "by way of accord and satisfaction" it may be answered that while it is not in express terms so stated, it is clearly implied from the context. The collocation of words used by the court in the statement of that part of its finding which we have italicised, read in connection with those immediately preceding them, when fairly interpreted, can be held to have no meaning other than that the court found that the defendant, by way of accord and satisfaction, made an offer of $578.60 to Mr. Day in cash and a parol promise to pay the further sum of $126 within a specified time, and that this offer in its entirety was accepted. From this finding of facts, the conclusion of law declared by the court was most manifestly erroneous. Upon the facts so found, there could be no recovery in the cause of action stated in the petition. That obligation had been superseded by another but upon which the action was not founded.

The judgment will accordingly be reversed. All concur.

Worden v. Houston.

## ON MOTION FOR REHEARING.

SMITH, P. J.—The plaintiff's ninth instruction given by the court no doubt was a correct expression of the law, and as the facts therein hypothesized are substantially those found by it, as appears from its finding of facts set forth in our opinion, it inevitably follows that the judgment should have been for the defendant instead of for the plaintiff.

An examination of the opinion in the light of the suggestions contained in the plaintiff's motion has not had the effect to convince our mind that the conclusions therein expressed are erroneous, nor that such conclusions, though radically different from those reached by the trial judge, can in fairness be tortured into a reflection upon his ability, learning or integrity. It may be that counsel, whose impartial judgment is warped and biased by an excess of zeal in their client's behalf, might take the view of the opinion they do, but certainly no enlightened trial judge, such as the one who tried this case is recognized to be, having any just conception of the duties imposed by law upon a reviewing court would take the slightest exception to the opinion in this case. It seems to us that counsel would have found it far more profitable to have expended their energy in pointing out to us errors of law in the opinion rather than vainly endeavoring to resent fancied reflections upon the trial judge.

While entertaining the highest respect for both the learned trial judge and the counsel for plaintiff, we feel warranted in taking the notice of the motion we have on account of its unusual character. The motion will be denied.