# G. W. BRODERICK, Appellant, v. BOYD HART-MAN, Respondent.

### Kansas City Court of Appeals, January 24, 1910.

1. **ACCORD AND SATISFACTION.** Where the evidence showed that defendant had settled for a deficiency in certain corn sold by him to the plaintiff and had allowed him for such deficiency no recovery could he have on account of such deficiency.

2. ———: ———: ———. Where at the time of such settlement the defendant left it to the plaintiff to ascertain how much of certain hay was damaged and stated that he would do what was right about it, there was no adjustment.

3. **CONTRACTS: New Cause of Action.** Where defendant had sold plaintiff certain hay which he agreed should be like sample, a subsequent understanding that if plaintiff found any of the hay was damaged, he was to take it out and the defendant would do what was right about it, was not a new contract, and an action for damages on account of defective hay was properly brought on the original contract.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED.

*J. M. Hull* and *M. T. January* for appellant.

(1) In passing on a demurrer to the evidence, the testimony of plaintiff and his witnesses is to be taken as true; and further, plaintiff is entitled to every reasonable and favorable inference of fact properly deducible therefrom. Forbes v. Dunnavant, 199 Mo. 193. (2) Every wrongful breach of contract carries with it the right to at least nominal damages. Fulkerson v. Eads, 19 Mo. App. 620. (3) A demurrer to the evidence cannot be sustained if the proof shows plaintiff entitled to nominal damages. Owen v. O'Reilly, 20 Mo. 603. There was no settlement for damaged hay.

*Scott & Bowker* and *H. M. Poage* for respondents.

(1)  Plaintiff cannot state one cause of action and recover upon another, and questions of fraud or mistake must be raised by the pleadings. Wonderly v. Christian, 91 Mo. App. 158.   (2)  Where there has been a settlement between the parties, the cause of action must be based upon the settlement, and not upon the original cause of action embraced in the settlement. Worden v. Houston, 92 Mo. App. 371; McCormick v. Transit Co., 154 Mo. 191; Wonderly v. Christian, 91 Mo. App. 158.   (3)  And it matters not if the amount of the recovery would be the same in either case.   McCormick v. Transit Co., 154 Mo. 201.

BROADDUS, P. J.—This suit was begun in a justice's court where it was tried and judgment had, and appealed to the circuit court.   In the circuit court plaintiff amended his petition.

There are three counts in the amended petition. In the first it is alleged that on or about the 17th day of October, 1907, plaintiff purchased from defendant twenty tons of prairie hay located in a barn on the Reem's farm, at the price of $7.50 per ton; that he bought it by sample which was first-class hay and that defendant represented that the said twenty tons was of the same kind and quality; and that relying upon the representations of defendant he then and there paid him for said hay the sum of $150, but that he afterwards discovered that about twelve tons of it was rotten and full of weeds.   He asks judgment for $90 on account of said worthless hay.

In his second count plaintiff alleges:  That on said 17th day of October he purchased the possession of the Reem's farm from defendant paying him therefor and for crops growing thereon the sum of one thousand dollars; that at that time defendant falsely represented to plaintiff that none of the corn had been gathered and taken from the field, but that twenty-five shocks

were taken and removed from the field to plaintiff's damage in the sum of $55.

The third count alleges that after he had bought and paid defendant for said possession defendant appropriated and carried away twenty-five shocks of fodder of the value of $5 for which he asks judgment. He asks for a judgment in the gross sum of $150.

At the close of the trial the court indicated that it would sustain defendant's motion for a direction to the jury to find for defendant on each count in his petition. Whereupon plaintiff took a nonsuit. After the necessary preliminaries the plaintiff took an appeal.

The evidence showed that plaintiff became the owner of the Reem's farm on which the defendant was the tenant in possession. On the 7th day of October, 1907, the plaintiff bought from defendant twenty tons of prairie hay at $7.50 a ton and paid him therefor $150, its total value. At about the same time he bought defendant's right to possession of the farm, and the crop of corn thereon and a few head of stock at the price of $1,000, paying him at the time $100, in cash. Later plaintiff discovered that some of the corn had been gathered since his purchase and that some of the hay was rotten and full of weeds and that there was about three tons less than the amount he had paid for. On the 30th of November, according to plaintiff's statements, the parties met at the farm at which time it was in plaintiff's possession. The defendant then and there agreed to and did let plaintiff have three tons of timothy hay to make up said deficiency and said to plaintiff that if he should find in feeding the hay that any of it was damaged "to take it out and he would do what was right about it."

On the same day the parties had a settlement in reference to the corn that plaintiff claimed had been taken since he purchased it. Defendant in the settlement allowed plaintiff $20 for deficiency. We believe that plaintiff was not entitled to recover on the

second and third counts of his petition. The evidence shows as to matters included in said counts that they were adjusted on the 30th of November, as stated.

But we believe plaintiff's evidence was sufficient to entitle him to go to the jury on his first count. There was no adjustment as to defective hay and it was the understanding of the parties that that matter was to be left open for future settlement. It was left to plaintiff to ascertain in the future how much of the hay was damaged and defendant was to do what was right about it. This was not an adjustment nor a new contract. In fact it was no contract at all. It was merely an understanding between the parties at most, that defendant would account for defective hay he delivered to plaintiff under his original contract, which he would be obliged to do in any event.

Respondent's contention is that as plaintiff sued on the original contract he could not recover on another and different cause of action. [Wonderly v. Christian, 91 Mo. App. 158.] And that: "Where there has been a settlement between the parties, the cause of action must be based upon the settlement, and not upon the original cause of action embraced in the settlement." [Worden v. Houston, 92 Mo. App. 371; McCormick v. Transit Co., 154 Mo. 191; Wonderly v. Christian, supra.]

But as before stated the action is properly based upon the original contract of sale. Reversed and remanded. All concur.